No. 22,094.

WILLIAM GOODWIN, *Appellee,* v. THE CUDAHY PACKING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Injury to Workman—Failure to Apply for Appointment of Arbitrator—Action for Compensation Maintainable.* In an action for compensation the following facts were established: The plaintiff attempted to settle compensation by agreement. He consented to arbitration. He served notice he would not arbitrate before the establishment committee, representative of employer and workmen. The defendant refused to arbitrate except before that committee. The plaintiff made no application to the judge of the proper court for appointment of an arbitrator to settle the matter. *Held,* construing sections 10, 11, 12 and 20 of chapter 226 of the Laws of 1917, the action was maintainable, notwithstanding the plaintiff's omission to apply for appointment of an arbitrator.

2. SAME—*Injury Ascertainable by Objective Examination—Lump-sum Judgment.* The evidence considered, and *held,* the workman's injury was ascertainable by objective examination within the meaning of section 20 of chapter 226 of the Laws of 1917, providing that in no case shall a lump-sum judgment be rendered for any injury not ascertainable by objective examination.

Appeal from Wyandotte district court, division No. 1; ED-
WARD L. FISCHER, judge. Opinion filed May 10, 1919. Affirmed.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City,
for the appellant.

*W. W. McCanless,* and *H. F. Gorsuch,* both of Kansas City,
for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for compensation. The plain-
tiff recovered, and the defendant appeals.

The following facts were established by findings of the jury:
The plaintiff attempted to settle compensation by agreement.
He consented to arbitration. He s rved notice he would not
arbitrate before the establishment committee, representative
of employer and workmen. The defendant refused to arbitrate
except before that committee. The plaintiff made no applica-
tion to the judge of the proper court for appointment of an
arbitrator to settle the matter.

The defendant insists that application by the workman for
court appointment of an arbitrator was a condition precedent
to resort to the remedy by action.

Chapter 226 of the Laws of 1917 contains the following,
among other provisions:

"Compensation due under this act may be settled by agreement."
(§ 10.)

"If compensation be not so settled by agreement: (*a*) If any committee
representative of the employer and the workman exists, organized for
the purpose of settling disputes under this act, said committee shall have
the power to adopt rules governing its procedure and action, and the
matter shall, unless either party objects by notice in writing delivered or
sent by registered mail to the other party before the committee meets to
consider the matter, be settled in accordance with said rules by such
committee or by an arbitrator selected by it. (*b*) If either party ob-
jects, or there is no such committee, or the committee or the arbitrator to
whom it refers the matter fails to settle it within sixty days from the
date of the claim, the matter shall be settled by a single arbitrator agreed
on by the parties, or appointed by any judge of a court where an action
might be maintained upon the written application of either party to said
court. The consent to arbitration shall be in writing and signed by the
parties, and may limit the fees of the arbitrator and the time within
which the award must be made, and unless such consent or order of
appointment expressly refers other questions, only the question of the

amount of compensation shall be deemed to be in issue, but either party shall have the right to require that the arbitrator shall also find the character and quality of the disability and the period for which payments of compensation shall continue in accordance with the provisions of this act." (§ 11.)

"The committee or arbitrator shall not be bound by technical rules of procedure or evidence, but shall give the parties reasonable opportunity to be heard and to present evidence, and shall act reasonably and without partiality, and shall make and file an award, with the consent to arbitration or the order of the court appointing the arbitrator attached, in the office of the clerk of the proper district court within sixty days. . . ." (§ 12.)

"A workman's right to compensation under this act may, in default of agreement or if the employer shall have refused to consent to an arbitration of the workman's claim for compensation, be determined and enforced by action in any court of competent jurisdiction, but no such action shall be maintained until and unless the workman shall have consented to an arbitration or applied to the court as hereinbefore provided for an arbitrator." (§ 20.)

The varieties of conduct which may be displayed by both employer and workman are so numerous that it would be impossible to anticipate all of them and apply the statute to all of them. Therefore, interpretation of the statute will be limited, for the present, to a few general observations essential to decision of the particular question presented.

Broadly speaking, the statute contains substantive and adjective provisions. The substantive provisions relate to settlement of compensation by agreement, and settlement of compensation by arbitration. The adjective provisions relate to selection of an arbitrator, in default of settlement of compensation by agreement, and to action for compensation, in default of agreement and arbitration.

It is contemplated that compensation shall be settled by agreement or by arbitration, and without litigation. If there be an agreement, that ends the matter. In default of agreement, the statute requires compensation to be settled by arbitration, and employer and workman are expected to sign a writing expressing such consent, and stipulating respecting matters which they desire to be referred. The language of section 11 is, that if the establishment committee be set aside as arbitrator, "the matter shall be settled by a single arbitrator," etc. In the statute which was superseded by the act of 1917, the language was, "the matter may be settled," etc. (Gen.

Stat. 1915, § 5918.) The result is, it is wrongful for either employer or employee to refuse to arbitrate in case of failure to agree on compensation.

The workman must consent to arbitration, or go without compensation. If the employer consent, arbitration is compulsory upon the workman. If the employer withhold consent to arbitration, the workman must nevertheless have consented, or he, too, is at fault, and is denied remedy by action. If the employer refuse to consent to arbitration, the workman who has consented is not precluded from compensation, but has a remedy by action.

If, in default of agreement, the workman consent to arbitration and the employer do not refuse to consent, the arbitrator shall be the establishment committee. Either the employer or the workman may object to the committee as arbitrator. In that event, a single arbitrator, selected by agreement, shall act. In default of agreement on an arbitrator, either party may apply to the proper court—technically, the judge of the proper court—for the appointment of an arbitrator, who shall settle the matter. The remedy of application to the court for appointment of an arbitrator is a last resort. The establishment committee has precedence as arbitrator. That committee having been set aside, the parties should agree. In default of agreement, a court appointment should be applied for, in order that arbitration may not fail.

The establishment committee having been set aside, and no agreement on an arbitrator having been reached, the workman must perfect the machinery of arbitration by applying for appointment of an arbitrator, or he will be precluded from enforcing compensation by action. If, however, at any stage of the proceedings, the employer definitely refuse to consent to arbitration, the workman who, in default of agreement on compensation, has consented to arbitration, need not go further with arbitration. The statute does not require him to do futile things. He cannot be at fault for not procuring appointment of an arbitrator when such appointment would be useless on account of the declared attitude of the employer.

Summing up, the conditions upon the workman's resort to the remedy by action are these:

Goodwin v. Packing Co.

1.  In default of agreement settling compensation, he must have consented to arbitration.

2.  He must have applied to the court for the appointment of an arbitrator, when arbitration would otherwise fail.

3.  The employer must have refused to consent to arbitration.

Applying the principles just stated to the present controversy, the workman attempted to settle compensation by agreement.  In default of agreement, he consented to arbitration.  He had the statutory right to object to the establishment committee as arbitrator, and did so.  The defendant refused to arbitrate before any arbitrator except the establishment committee, and so rendered any further effort on the part of the plaintiff to secure arbitration useless and unnecessary.  Therefore, the workman was not at fault, and was entitled to maintain the action.

The judgment was for a lump sum.  The defendant insists that judgment should have been one for periodical payments, because the injury was not ascertainable by objective examination.  The statute reads as follows:

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments, as in an award; provided, in no case shall a lump-sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under the provisions of section 4 of this act and such judgment may be reviewed at any time after the expiration of six months upon application of either party and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review."  (Laws 1917, ch. 226, § 20.)

There was evidence that the injury resulted from a knife cut just above the wrist on the left arm.  It took eight stitches to close the wound.  The plaintiff was unable to work for seven months, and his arm bothers him in lifting and grabbing.  While this evidence was properly received for other purposes, none of it could be considered for the purpose of determining the nature of the judgment, whether for a lump sum or for periodical payments.  That question could be determined by objective examination only.

A physician testified as follows:

"On examination, I found a scar a little above the wrist on the left arm, and on inquiry as to how that scar came, he told me that it was a knife cut, as I remember, and the examination of the hand disclosed the fact that the thumb on the left side—the tendon does not draw the thumb down into the hand as well as on the right side; there is some loss of motion and grab in the left hand, probably due to the severing of the tendon that affects the thumb. . . . The grab in the left hand is some less than it should be, for a right-handed man, in the left hand.

"Q. Now, are you able to state, doctor, whether there were any tendons or muscles cut there? A. Well, one would suppose from the length of the scar and from the condition that the hand is left in now, that there was.

"Q. State whether or not that tendon has been brought together again. A. Yes, evidently the tendon has been brought together, and it does not work as freely as it should because it has gotten the scar there."

Eliminating the history of the case, and eliminating the physician's inferences and conclusions, the examination disclosed a scar, disclosed a tendon the free movement of which was inhibited by the scar, and which did not draw the thumb down into the hand, and disclosed loss of motion and grab. These facts were ascertainable, and were ascertained, by inspection and manipulation alone, purely objective means, and were sufficient to sustain a lump-sum judgment.

The judgment of the district court is affirmed.