No. 23,755.

ELIAS DOLEN, *Appellee,* v. THE MUNCIE SAND COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

COMPENSATION ACT — *Personal Injuries — Award of Damages — Judgment — Periodical Payments.* Under the workman's compensation act the plaintiff recovered a judgment for $520 for broken ankles, the journal entry reciting that "the future damages of plaintiff is left open for the further consideration of the court." More than a year thereafter, on notice and hearing, the court gave the plaintiff judgment for six dollars a week until July 6, 1925. *Held,* that the court had jurisdiction so to adjudge, and *held,* further, it was not error to award weekly payments instead of a lump-sum judgment.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed December 10, 1921. Affirmed.

*W. L. Wood,* of Kansas City, for the appellant.
*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff broke his ankles by an accident arising out of and in the course of his employment by the defendant. A demand for arbitration being refused, he sued and recovered judgment for $520 up to the date thereof. The journal entry recites "and the future damages of plaintiff is left open for the further consideration of the court." The jury returned answers to special questions to the effect that the plaintiff was temporarily totally disabled from earning wages and would in the future be partially disabled from following the occupation in which he was employed at the time of his injury, but that since the expiration of his total disability and to the time of trial he had been employed at wages equal to or greater than he was earning when injured. This judgment was rendered May 28, 1918. On January 27, 1921, the defendant was served with notice that a motion for final judgment, or a review of the former order filed on January 30, 1920, would be heard February 12, 1921. On the day last mentioned, the court having heard the arguments and examined the briefs of the parties, adjudged the plaintiff entitled to recover six dollars a week from the date of filing this motion, January 30, 1920, the plaintiff to be paid the judgment in a lump sum, and further ordered and adjudged that the plaintiff have six dollars a week therefrom until July. 6, 1925, payable weekly. The defendant appeals from this order, assigning as error the entry of the judgment after the expiration of the term in which the case was originally tried. The plaintiff also filed notice and complains of the judgment because the court refused to allow the plaintiff a lump-sum judgment for the amount due and to become due, less $520 already paid.

The defendant argues that the trial court lost control over the judgment at the close of the term in which it was entered, and cites decisions to support the contention that with the ending of the term jurisdiction of the court over a case ceases, which is true in ordinary cases. Here, however, the court expressly retained jurisdiction of the case and held it over for further consideration, and from this order no appeal was attempted and no complaint thereof was made. No authorities are produced by either side on this specific question, but it is usual for a court to retain jurisdiction of cases for future or further consideration, and the power to do so is as clear as the power to continue from term to term. The civil code defines a final

order as one affecting a substantial right in an action "when such order in effect determines the action and prevents a judgment." A final judgment has been defined as "one which finally decides and disposes of the whole merits of the case, and reserves no further question, or direction, for the future or further action of the court." (*Brown v. Galena Mining and Smelting Co.*, 32 Kan. 528, syl. ¶ 2, 4 Pac. 1013.)

"There are certain well defined exceptions to the rule of the common law limiting the modification of judgments to the term of court in which they are entered. The power of courts to make amendments of judgments after the term at which they are entered in part depends on the character of the judgment and in part on the nature of the amendment. A judgment, not final in its effect, may generally be amended after the expiration of the term at which it was rendered, if susceptible of being corrected without prejudice to the rights of the parties. . . . So where a court awards a decree of divorce it is not unusual for the court to retain indefinitely the power to modify certain parts of the decree as altered circumstances in the future may warrant; thus the court may amend and modify provisions affecting future payments of alimony and the custody of children." (15 R. C. L. 678.)

"But the rule against amendment after the term does not apply to interlocutory judgments or such as remain *in fieri,* or to action in that behalf taken with the consent of the parties concerned or at their request, or where the judgment is carried over the term by a motion to amend or correct it or a petition for a rehearing." (23 Cyc. 861.) ·

Section 13 of chapter 226 of the Laws of 1917 provides that in case of arbitration no award shall be for a lump sum except as to such portion as shall be found to be due and unpaid at the time of the award, but this does not apply to a trial by the court in the absence or refusal of arbitration.

Section 20 provides that after a jury trial—

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments, as in an award: *Provided,* In no case shall a lump sum judgment be rendered for any injury not ascertainable by objective examination, . . ."

In *Goodwin v. Packing Co.,* 104 Kan. 747, 180 Pac. 809, it was said that an injury resulting from a knife cut above the wrist could be determined by objective examination only. In *Southern v. Cement Co.,* 108 Kan. 213, 194 Pac. 637, it was said:

"Where the matter is settled by arbitration compensation for future loss can be awarded only in periodical payments, but a different rule is provided where the controversy is determined by a court." (p. 215.)

There can be no reasonable doubt that broken ankles present a case in which an objective examination would clearly show the injury, and the statute itself vests the trial judge with discretion to order periodical payments and, hence, it cannot be said that in so awarding the court committed error or abused its discretion.

The judgment, as entered, is therefore affirmed.