No. 25,127.

Ed. Tidwell, *Appellee*, v. Charles E. Schaff, as Receiver, etc.,
*Appellant*.

SYLLABUS BY THE COURT.

1. Compensation Act—*Appointment of Arbitrator to Determine Compensa-
tion a "Special Proceeding."* The remedy of appointment of an arbitrator
to determine compensation under the workmen's compensation act is a spe-
cial proceeding within the meaning of sections 3 and 5 of the civil code.
(Gen. Stat. 1915, §§ 6893, 6895.)

2. Same—*Order Appointing Arbitrator a Court Order.* An order appointing
an arbitrator is a court order.

3. Same—*Issues Not Referable to Arbitrator.* The question whether personal
injury by accident should be compensated under federal or state law, and
whether a release of liability was executed under mutual mistake, are not
referable, over objection, to an arbitrator.

4. Same—*An Appealable Order.* An order improperly referring to an arbi-
trator the question whether a release was executed under mutual mistake,
is an appealable order.

5. Same—*Procedure Under Compensation Act Regulated by Rules of District
Court.* The procedure necessary and appropriate to carrying out the pro-
visions of the workmen's compensation act should be regulated by rules of ,
the district court and, until such rules are promulgated, by special order in
each case.

Appeal from Labette district court; Elmer C. Clark, judge. Opinion filed
July 7, 1923. Reversed.

*W. W. Brown,* and *Alfred G. Armstrong,* both of Parsons, for the appellant.
*Carl V. Rice,* of Parsons, for the appellee.

The opinion of the court was delivered by

Burch, J.: Tidwell presented to the district court an applica-
tion for appointment of an arbitrator to determine compensation
for personal injury by accident according to the workmen's compen-
sation law. The employer is receiver for the Missouri, Kansas &
Texas Railway Company. The application disclosed the interstate
character of the receiver's business, and employment of the work-
man as a brakeman. A demurrer to the application was filed. The
ground of demurrer was, the application disclosed the case was
not one for compensation, but was governed by the federal em-
ployers' liability and safety appliance acts. The demurrer was
argued on April 6, 1923, and the court took the matter under

advisement until April 20. On April 17, the brakeman filed an amended application which omitted the matters showing applicability of the federal statutes. The receiver demurred, and on April 20 the demurrer was overruled. The receiver then asked and was granted leave to file an answer within ten days. The amended application disclosed the brakeman was injured while between cars lining drawbars to make a coupling, in the process of doing switch work. The answer admitted these facts, alleged the brakeman was between the cars and was lining the drawbars because the cars did not couple automatically by impact, and alleged facts showing the brakeman was engaged in interstate commerce. The application stated the brakeman had settled with the receiver for his injury and had signed a release of claim on account of the injury, but alleged the settlement was made and the release was given under a mutual mistake of fact. The answer admitted the settlement and pleaded the release, which covered injury sustained, whether or not apparent and which might develop. The prayer of the application concludes as follows:

"And that the following questions be submitted to said arbitrator by the court:

"1. The character and quality of the disability of Ed. Tidwell.

"2. The probable period over which said disability will extend.

"3. Did Ed. Tidwell execute a release of his claim against the said Chas. E. Schaff, receiver?

"4. Was the consideration for said release grossly inadequate?

"5. Were the parties to said release mutually mistaken as to the nature and extent of the injury of Ed. Tidwell?

"6. The compensation to which the said Ed. ,Tidwell is entitled because of said injury.

"7. The period over which payment of compensation shall extend."

The journal entry of the court's action follows:

"Now on this 12th day of May, 1923, the same being a regular day of the May, 1923, term of the above court, the above case came on for further hearing; present, the plaintiff by his attorney, Carl V. Rice, and the defendant by his attorney, W. W. Brown. The court, after hearing the argument of counsel and being fully advised in the premises, does refuse to set the case for trial on the pleadings, and refuses to permit the defendant to introduce any evidence in support of the allegations of his answer filed herein, to which ruling the defendant duly excepted and excepts. Thereupon, without any evidence other than the verified application herein, the court does sustain said amended application, and in accordance with the prayer thereof, does appoint Mark Gillin, of Parsons, Kansas, to act as an arbitrator in the above-entitled matter, and does hereby submit the following questions to said arbitrator, as re-

Tidwell v. Schaff, *Receiver*.

quested in the amended application of said Ed. Tidwell, to wit:" [Here follow the questions.]

The receiver appealed, and both parties invoke a declaration of the law for their guidance in the preservation of their rights.

The workmen's compensation act provides for an arbitrator "appointed by any judge of a court where an action might be maintained upon the written application of either party to said court." (Laws 1917, ch. 226, § 11.) Appointment is by an order which section 12 refers to as the order of the court. If the arbitrator fail to file his award, on application the court fixes a time. (§ 12.) Section 16 provides the award may be reviewed by the judge of the district court having jurisdiction, upon application of either party, but the section provides for appointment of experts by the court to examine the workman and report to the court; provides that the court shall hear competent evidence offered; provides for findings by the court; and provides that the court may modify the award, and under certain conditions may cancel the award. The result is, while the judge acts, the orders are court orders; and appointment of an arbitrator, in default of a shop committee and in default of agreement on an arbitrator, is a workmen's remedy in a court of justice to obtain compensation, and so is a special proceeding, within the meaning of sections 3 and 5 of the civil code. (Gen. Stat. 1915, §§ 6893, 6895.)

An arbitrator appointed by the court determines the sum of money the employer shall pay to the workman. Other questions may be referred to him, and his determination is conclusive, unless the result of fraud or the substantial equivalent of fraud. (§ 16; *Kinzer v. Gas Co.,* 110 Kan. 574, 204 Pac. 999, and cases cited in the opinion.) This is judicial power, exercised by the arbitrator by virtue of being in a sense an arm of the court and subject to its supervision. (*Crawn v. Packing Co.,* 111 Kan. 573, 207 Pac. 793.)

What questions may the arbitrator determine? The statute reads:

"Unless such consent or order of appointment expressly refers other questions, only the question of the amount of compensation shall be deemed to be an issue, but either party shall have the right to require that the arbitrator shall also find the character and quality of the disability and the period for which payments of compensation shall continue in accordance with the provisions of this act." (§ 11.)

The amount of compensation is necessarily an issue, and is the only issue unless others are referred. (*Boyd v. Mining Co.,* 105

17—114 KAN.

Kan. 551, 552, 185 Pac. 9.)  Either party may require as a matter of right, reference of character and quality of disability and period through which payments are to be distributed.  That is the extent of their right.  The court has held a party may not complain of the determination of questions referred at his own request.  (*Crawn v. Packing Co.*, 111 Kan. 573, 207 Pac. 793.)  Doubtless the parties may agree to refer such questions as they desire.  May the court, on its own initiative and over protest of one of the parties, refer subjects other than those specified in the statute, that is, amount of compensation, character and quality of disability, and payment period?

Shop committees and arbitrators act quite informally.  The statute reads:

"The committee or arbitrator shall not be bound by technical rules of procedure or evidence but shall give the parties reasonable opportunity to be heard and to present evidence, and shall act reasonably and without partiality, and shall make and file an award, with the consent to arbitration or the order of the court appointing the arbitrator attached, in the office of the clerk of the proper district court within sixty days." (§ 12.)

As indicated, a committee's or an arbitrator's determination of issues is conclusive on the merits, and manifestly no question may be referred *in invitum* to which this rough and ready procedure is inappropriate.  A shop committee, or an arbitrator not a lawyer, could not, without the guidance of instructions, which are not contemplated, determine whether injury should be compensated under federal or state law.

The workmen's compensation act deals with the subject of setting aside a release.  Section 16 provides that an action to set aside a release or other discharge of liability, on the ground of fraud or mental incompetency, may be joined with an action for compensation.  There could have been no legislative intention to exclude the ground of mutual mistake, and we have here clear indication that setting aside a release is a matter for court adjudication.  Besides that, there are technical rules of procedure and evidence, to say nothing of law, which are important in determining whether settlements shall be set aside and releases canceled.

The conclusion must be, the district court erred in referring validity of the release to the arbitrator over objection of the receiver, and it may be said generally that, in the absence of agreement or consent, only those subjects specified by the legislature may be referred.

The order referring the subject of validity of the release was a final order, affecting a substantial right in a special proceeding, and consequently was appealable under sections 565 and 566 of the civil code. (Gen. Stat. 1915, §§ 7469, 7470.)

Since the remedy by arbitration provided by the workmen's compensation act is special and complete in itself, the principles and precedents relating to reference under the civil code are not applicable. (*Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858.)

Either before or after arbitration, the party from whom compensation is demanded must have opportunity to contest liability on grounds not involved in arbitral award and its statutory review—in this instance applicability of the workmen's compensation act and release. What shall the procedure be?

Section 35 of the original workmen's compensation act of 1911 was not amended or repealed when the law was revised in 1917, and reads as follows:

"All references hereinbefore to a district court of the state of Kansas having jurisdiction of a civil action between the parties shall be construed as relating to the then existing code of civil procedure. Such court shall make all rules necessary and appropriate to carry out the provisions of this act." (Gen. Stat. 1915, § 5929.)

As indicated, section 11 of the act of 1917 provides for appointment of an arbitrator by order of a court where an action might be maintained. Therefore the question propounded must be answered, not by this court, but by rules of the district court. Until general rules have been promulgated, procedure must be regulated by special order in each case.

A workman may not know whether his injury occurred in course of interstate commerce, and so may in good faith seek compensation. If he does know, his remedy is under federal law, and good faith requires him to sue accordingly. If a release has been given, the workman knows the burden rests on him to get it out of the way before he can recover compensation, but he must consent to arbitration before he may bring a combined action under the compensation act for compensation and cancellation of the release. (*Goodwin v. Packing Co.*, 104 Kan. 747, 180 Pac. 809.) Therefore, assuming good faith and absence of voluntary agreement to arbitrate, the first step for the workman to take is to apply for appointment of an arbitrator. Jurisdiction of the district court then attaches. The parties may consent to reference of the whole controversy, and an

order may be framed accordingly. Should the workman so desire, he is entitled to arbitration of those issues referable by statute; should the employer so desire, he is entitled to trial of those issues not referable; and the court should mold the procedure to best advantage. The workman having consented and the employer having refused consent to arbitration, the workman might prefer that the proceeding be converted into an action.

It was stated in oral argument and the journal entry indicates the district court acted under a misapprehension of its authority when application for appointment of an arbitrator was presented and contested. Therefore, the judgment will be reversed generally, and the cause will be remanded for further proceedings. It is so ordered.