No. 26,653.

GEORGE HOBSON, *Appellee*, v. THE WILSON BROTHERS COAL AND MINING COMPANY, *Appellant*.

No. 26,654.

J. A. SCHWEITZER, *Appellee*, v. KANSAS CITY SOUTHERN RAILWAY COMPANY, *Appellant*.

No. 26,655.

FRANK KRASHOC, *Appellee*, v. CENTRAL COAL AND COKE COMPANY, *Appellant*.

No. 26,656.

T. F. LONG, *Appellee*, v. TOM CUNNINGHAM et al., doing business as C. AND G. COAL COMPANY, *Appellants*.

No. 26,658.

F. MASSER, *Appellee*, v. JAMES PRICE et al., doing business as EASTERN COAL COMPANY, *Appellants*.

No. 26,659.

LEWIS MARSHALL, *Appellee*, v. WESTERN COAL AND MINING COMPANY, *Appellant*.

No. 26,660.

ONIFER SLUSSAR, *Appellee*, v. WESTERN COAL AND MINING COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Arbitrations Demandable of Right—Determination Before Recovery Established.* It is competent for the judge of the district court to appoint an arbitrator, upon application of a claimant under the workmen's compensation act, to pass upon the questions in determining which arbitration may be demanded of right, although no evidence has been introduced and the defendant has filed an answer containing allegations which are fatal to the plaintiff's recovery if established, and on the settlement of which he is entitled to a jury trial, which has not yet been had—following *Tidwell v. Schaff, Receiver*, 114 Kan. 255, 217 Pac. 702.

Appeal from Crawford district court, division No. 1; DANIEL H. WOOLLEY, judge. Opinion filed February 6, 1926. Affirmed.

*C. O. Pingry, P. E. Nulton, G. L. Stevenson, A. B. Keller* and *G. R. Malcolm*, all of Pittsburg, for the appellants.

*Phil H. Callery, James E. Callery, Caroline A. Lowe* and *Sylvan Bruner*, all of Pittsburg, for the appellees.

Workmen's Compensation Act, C. J. pp. 110 n. 23, 126 n. 90.

Hobson v. Wilson Bros. Coal & Mining Co.

The opinion of the court was delivered by

Mason, J.: These seven cases involve the same questions, arising upon substantially similar facts. They will be spoken of as though there were but one of them. The appeal is taken from the order of the judge of the district court appointing, on the application of a claimant under the workmen's compensation act, an arbitrator to whom was referred the amount of compensation due the plaintiffs, the character and quality of his disability, and the period for which payments of compensation should continue. These are the matters and the only ones which can be submitted to arbitration without the consent of both parties. (R. S. 44-522; *Tidwell v. Schaff, Receiver,* 114 Kan. 255, 217 Pac. 702; *Tierney v. Telephone Co.,* 114 Kan. 706, 220 Pac. 190.) The defendant filed an answer to the application alleging the existence of various facts which if established would bar a recovery by the plaintiff, thereby raising issues upon which a jury trial was demandable as a matter of right. The defendant asserts it was error to appoint an arbitrator until these issues had been settled. It is true the proceedings before an arbitrator would be rendered futile if it should later be decided in a jury trial of issues not determinable by him that the plaintiff could not recover. But it does not follow that the arbitration ought to be postponed until the determination of such issues. The possible difficulties in obtaining a full and satisfactory presentation before the arbitrator, that might arise from such postponement, is a consideration to be weighed on the other side. The question of which proceeding should have preference in point of time where both are to be had has already been discussed by the court and disposed of by saying:

"Either before or after arbitration, the party from whom compensation is demanded must have opportunity to contest liability on grounds not involved in arbitral award and its statutory review—in this instance applicability of the workmen's compensation act and release. What shall the procedure be?

"Section 35 of the original workmen's compensation act of 1911 was not amended or repealed when the law was revised in 1917, and reads as follows:

"'All references hereinbefore to a district court of the state of Kansas having jurisdiction of a civil action between the parties shall be construed as relating to the then existing code of civil procedure. Such court shall make all rules necessary and appropriate to carry out the provisions of this act.' (Gen. Stat. 1915, § 5929 [R. S. 44-533].)

"As indicated, section 11 of the act of 1917 [R.S. 44-522] provides for appointment of an arbitrator by order of a court where an action might be maintained. Therefore the question propounded must be answered, not by this court, but by rules of the district court. Until general rules have been promulgated, procedure must be regulated by special order in each case.

". . . Assuming good faith and absence of voluntary agreement to arbitrate, the first step for the workman to take is to apply for appointment of an arbitrator. Jurisdiction of the district court then attaches. The parties may consent to reference of the whole controversy, and an order may be framed accordingly. Should the workman so desire, he is entitled to arbitration of those issues referable by statute; should the employer so desire, he is entitled to trial of those issues not referable; and the court should mold the procedure to best advantage." (*Tidwell v. Schaff, Receiver,* supra, p. 259.)

The statute makes "the question of the amount of compensation" an issue before the arbitrator (R. S. 44-522) but in view of what has already been said this obviously means that he is to determine what the amount is to be if the claim to compensation is finally established, and does not authorize him to decide whether there is a liability. The appellant in substance makes these contentions, none of which we regard as well founded: The right of the claimant to compensation must be determined before the appointment of an arbitrator. An arbitrator should not be appointed before evidence has been produced in support of the claim. A rule or practice permitting the appointment and action of an arbitrator before the trial of issues which he cannot determine, or permitting the trial of such issues after an arbitration has been had, is erroneous, inappropriate, violates law, is in derogation of common right, constitutes the taking of property without due process of law, and imposes compulsory arbitration on the employer.

It is suggested that if an arbitration is had before the trial of the issues that are not subject to determination therein a judgment based upon the arbitrator's findings could be rendered and enforced before such issues were determined. The courts of course have abundant power to prevent that result.

The question is raised whether the order appointing an arbitrator is appealable. Such an order has been held to be a final order, affecting a substantial right in a special proceeding, if it improperly refers to the arbitrator a question triable by jury as of right. (*Tidwell v. Schaff, Receiver,* supra, p. 259.) The practical result will be the same here whether the appeal is dismissed or the judgment affirmed. The controlling questions upon the merits have already been passed upon. The case will be treated as properly here, without passing upon this matter of practice.

The order is affirmed.