Wise v. Central Dairy. Co.

No. 26,722.

HOBART M. WISE, *Appellee*, v. THE CENTRAL DAIRY COMPANY,
*Appellant.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Hearing—Necessity for Request or Objection to Predicate Error.* In a workman's compensation case, when a party is given a hearing upon every question he requests a hearing upon, and is given the kind of a hearing he requests, the judgment will not be reversed for lack of a proper hearing.

2. SAME—*Injuries Within Act—"In, On or About Factory."* Defendant conducted a wholesale dairy business, in which it used a number of auto trucks. Plaintiff was employed by defendant to keep the trucks in repair. Defendant's foreman directed plaintiff and other employees to push a truck into a street, down a grade, to loosen the starter which had stuck, and repair it. This was done. While plaintiff was working on the truck, on the street, about 200 feet from the factory, he was struck and injured by a passing automobile. *Held,* the injury occurred "in, on or about the factory" of defendant within the meaning of R. S. 44-505.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 12, 1926. Affirmed.

*Arthur J. Mellott,* of Kansas City, *Homer A. Cope* and *Austin D. Hadsell,* both of Kansas City, Mo., for the appellant.

*William E. Carson,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a workman's compensation case. There were findings and judgment for plaintiff, the workman. Defendant, the employer, has appealed.

Defendant is engaged in the wholesale dairy business and has a plant where it receives milk, manufactures butter, etc., and from which it distributes its products. Its building is in the shape of an L, the base being near the alley. The part of the lot toward the front not occupied by the building is used as a loading and unloading place for its trucks, a number of which are used by defendant in its business. Plaintiff, an automobile machinist, was employed to keep the trucks in repair. He went to work every afternoon at two o'clock and put in whatever time was necessary to see that the trucks were in proper running condition, sometimes working only

Workmen's Compensation Acts, C. J. pp. 42 n. 12, 47 n. 33, 73 n. 76, 110 n. 27; L. R. A. 1916A, 200-217; L. R. A. 1917D, 156.

a few hours a day and sometimes working far into the night.  On the day the injury of which he complains occurred he had just completed work on one truck and was told that the starter on a certain Ford truck was stuck and was asked to repair it.  Near the plant there is quite a grade in the street.  The foreman directed plaintiff, the driver of the truck and another employee to push the Ford truck out into the street and down this grade and try to force the starter loose, and that was done.  The starter was forced loose by this method.  The car was then stopped on the street about 200 feet from defendant's plant.  Plaintiff raised the hood of the truck and was examining to see what caused the starter to stick, and to repair it, and while thus working on the truck a Ford coupé, driven by some one who was not an employee of defendant, was driven so that it struck him, breaking his leg and otherwise causing injury.  There is no controversy here over the extent of the injury, nor the amount of compensation allowed, if plaintiff is entitled to compensation.

A request for arbitration was made and refused.  An application for the appointment of an arbitrator was filed and notice given to defendant.  Defendant filed a written objection to the appointment of an arbitrator "for the reason that said employee, the plaintiff herein, was not injured by reason of an accident in, on or about the factory of employer, or defendant's place of business," and filed affidavits in support of this contention.  Plaintiff also filed affidavits.  These affidavits covered fully the nature of the employment and the circumstances under which the accident occurred.  Upon a hearing of the matter and consideration of the affidavits, the court overruled the objection of defendant and appointed an arbitrator, and directed him to find and determine whether the relation of employer and employee existed between the parties; whether the parties were subject to the terms of the compensation act; whether plaintiff received personal injury by accident arising out of and in the course of his employment; whether notice of injury was given and claim for damages made; what was the nature and extent of the injury; what were the average annual earnings of plaintiff; the period of permanent total disability, if any, and of partial disability, and the character thereof; the amount of compensation due plaintiff, if any, and the mode of payment of same; what should be paid, if anything, for medical and hospital fees; and all other findings necessary, requested by either party, fully to carry out the provisions of the compensation act.

At the hearing before the arbitrator defendant objected to any proceedings, for the reason that the plaintiff was not injured by "an accident in, on or about the factory of the employer, or at the defendant's place of business," and further objected to the arbitrator "passing on any questions other than the amount of compensation, the character and quality of the disability, and the period for which compensation shall be made, and objects further to the arbitrator finding on any of the other questions submitted." These objections were overruled. The arbitrator took the testimony and made detailed findings, in substance, that the relation of employer and employee existed between the parties; that they were subject to the terms of the compensation act; that plaintiff's injuries were sustained in the usual course of his employment in, on, and about the factory, and arose out of his employment; that the proper notice and claim for damages were made; that plaintiff's injuries rendered him totally incapacitated from performing any labor for three months and one week; and that thereafter he is and will be permanently partially disabled for the period of eight years and longer; and also found the amount of compensation and the mode in which it should be paid.

Thereafter plaintiff filed a motion for a judgment on the award, notice was given to defendant, and a hearing had thereon. The defendant made no application to review or modify the award, and made no request for a trial by the court, or by the court and jury, upon any issue. The trial court sustained plaintiff's motion for judgment on the award. The defendant has appealed, both from the order appointing the arbitrator and from the judgment upon the award.

Appellant contends that the court was not authorized to refer to the arbitrator, over its objection, the question of whether the relation of employer and employee existed between the parties, and whether the injuries received arose out of and in the course of plaintiff's employment, or in the course of the employer's trade or business, or on, in or about the factory of appellant. This contention is correct (R. S. 44-522; *Tidwell v. Schaff, Receiver*, 114 Kan. 255, 217 Pac. 702; *Hobson v. Wilson Bros. Coal & Mining Co.*, 120 Kan. 338, 243 Pac. 314), but appellant here is hardly in position to raise that question. There never was an objection to the appointment of an arbitrator for the reason that the relation of employer and employee did not exist between the parties; in fact, the objection made in effect concedes that such relation did exist. There was an ob-

jection for the reason that plaintiff did not receive his injury by accident arising out of and in the course of his employment, or in, on or about the factory of the employer, and in support of that objection ·defendant submitted affidavits which were fully considered by the court, and the objection overruled. No request was made by defendant for any other hearing, or any other kind of a hearing, upon those questions. The court heard the defendant upon these questions in the only manner a hearing was asked. No answer was filed by defendant at any time raising these questions, or any other. No request was made by defendant, either before the appointment of the arbitrator or afterwards, for a trial to a jury upon any issue, and the only request for a hearing before the court —being the objection to the appointment of an arbitrator, for reasons stated, which the court was asked to hear upon affidavit—was granted. When a party is given a hearing upon every question he requests a hearing upon, and is given the kind of a hearing he requests, there should not be a reversal because of a lack of a proper hearing.

Appellant argues that the evidence does not show that the relation of employer and employee existed between the parties. As above stated, defendant in filing its objections to the appointment of an arbitrator practically conceded the existence of that relation, but aside from that the evidence clearly. supports the finding on this point in favor of plaintiff.

Appellant argues that the injuries which plaintiff received did not arise out of and in the course of his employment, nor in the course of the employer's trade or business. Neither of these contentions has merit, as a consideration of the statement of the circumstances of the injury discloses.

Appellant contends that plaintiff's injuries were not received "in, on or about the factory" of defendant within. the meaning of the statute (R. S. 44-505, 44-508); that the car was on a public street, 200 feet from defendant's factory, when the injury was received. The word "about" in the statute is one of locality. (*Bevard v. Coal Co.*, 101 Kan. 207, 165 Pac. 657; *Hicks v. Swift & Co.*, 101 Kan. 760, 168 Pac. 905; *Hoops v. Utilities Co.*, 116 Kan. 598, 227 Pac. 332.) This was near the factory; the particular place for this work to be done was selected by defendant's foreman when he directed that the car be pushed into the street for that purpose, and hence was adopted by defendant as the place for making such re-

pairs, and was within the danger zone of the factory as then being conducted by defendant. (See cases above cited; also, *Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190; *Gadberry v. Egg Case Filler Co.*, 104 Kan. 72, 177 Pac. 834; *Zabriskie v. Erie R. R. Co.*, 86 N. J. L. 266.)

Finding no error in the record, the judgment of the court below is affirmed.