No. 27,596.

Jane Williams, *Appellee*, v. A. G. Wilson, *Appellant.*

(259 Pac. 702.)

SYLLABUS BY THE COURT.

Workmen's Compensation Act—*Arbitration*—*Right to Trial on·Questions Not
Submitted.* Under the workmen's compensation act (R. S. 44-501 *et seq.*)
an employer is entitled to trial on all questions of fact and law not sub-
mitted to an arbitrator. Such trial may be had either before or after the
amount of compensation the injured workman is entitled to receive has been
awarded by the arbitrator.

Appeal from Douglas district court; Hugh Means, judge. Opinion filed
October 8, 1927. Reversed.

*W. L. Wood,* of Kansas City, and *Paul C. Sprinkle,* of Kansas City, Mo.,
for the appellant.

*John J. Riling* and *Edward T. Riling,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: This appeal presents the question whether an em-
ployer under the workmen's compensation act, who agrees to ar-
bitrate the single question of amount of compensation, is precluded
from a trial of other issuable questions.

The plaintiff claimed to have received an injury by accident
which arose out of and in the course of her employment. The par-
ties signed a written stipulation and consent to arbitrate to the
effect "that no other question except the amount of compensation,
reference of character and quality of disability and period for which
payments of compensation shall continue in accordance with the
workmen's compensation laws of the state of Kansas, shall be pre-
sented to, considered by or reported upon by said arbitrator." The
arbitrator having taken evidence, filed a report with the clerk of the
district court awarding plaintiff compensation for eight years at
$6 per week, or $2,290 in the aggregate, payable $194 in a lump sum,
balance in weekly payments of $6. Later, plaintiff filed a motion
for judgment on the award for a lump sum equal to eighty per cent
thereof, pursuant to the provisions of the statute (R. S. 44-529).

Workmen's Compensation Acts, — C. J. p. 110 n. 27 new.

This motion was considered by the court and granted over the objections of defendant.

The defendant appeals, contending that the court was without jurisdiction to enter judgment on the award or for any sum until after the trial of the issues that had not been submitted or referred to the arbitrator. The contention must be sustained.

The stipulation referred nothing to the arbitrator except those matters referable by statute, viz., the amount of compensation, but either party had the right to require the arbitrator to find the character and quality of disability and period over which payments of compensation should continue. If the parties had submitted to arbitration the questions whether there was an accident arising out of the employment; whether it arose in the course of the employment; whether it happened in, on or about the premises; whether the parties were operating under the provisions of the act, or any other questions other than the amount of compensation, then they would have been bound by the report and findings of the arbitrator thereon and there could be no review of the award by either party nor appeal therefrom except for the limited review provided by the statute. An employer is entitled to a trial on all questions of fact and law not submitted to an arbitrator. Such trial may be had either before or after the amount of compensation the injured workman is entitled to receive has been awarded by the arbitrator.

"Either before or after arbitration, the party from whom compensation is demanded must have opportunity to contest liability on grounds not involved in arbitral award and its statutory review. . . . Should the workman so desire, he is entitled to arbitration of those issues referable by statute; should the employer so desire, he is entitled to trial of those issues not referable." (*Tidwell v. Schaff*, 114 Kan. 255, 259, 260, 217 Pac. 702. See, also, *Hobson v. Wilson Bros. Coal & Mining Co.*, 120 Kan. 338, 243 Pac. 214.)

In the instant case the employer did not consent to arbitration except as to amount of compensation, etc., and has had no trial of other issues. The plaintiff was not entitled to judgment on the arbitrator's award until a decision was had on the other issuable questions.

The judgment is reversed and the cause remanded for further proceedings.