No. 22,575.

JESSE ROPER, Appellant, v. KARL HAMMER, Appellee.

SYLLABUS BY THE COURT.

1. COMPENSATION ACT — Refusal of Employer to Arbitrate — Remedies Open to Employee. If an employer refuses to consent, in writing, to arbitration, the workman is not obliged to resort to action to enforce payment of compensation. In such a case the remedy by action is permissive, and is cumulative to the remedy by arbitration.

2. SAME. If a workman has made fair effort to secure consent of his employer to arbitration, expressed in writing, and the writing is not executed, the employer may be regarded as having refused to consent.

3. SAME—Arbitration a Complete Remedy—Statute Liberally Interpreted. The remedy by arbitration provided by the workmen's compensation act is distinct from the arbitration provided for by the general arbitration statute, is complete in itself, and is to be liberally interpreted and flexibly applied, to accomplish its peculiar purpose.

4. SAME—Review of Award of Arbitration—Waiver. An application to review, attacking the merits of an award, constitutes a general appearance, and waives objection on the ground of failure to give required notice.

5. SAME—Scope of Review Review of an award, so far as it relates to initiation and conduct of the arbitration proceeding, is limited in scope to those specific subjects respecting which the court is authorized to make findings.

6. SAME—*Burden of Proof.* An employer who has applied for review of an award must establish the facts on which the application is based, according to the rules governing proof of fraud, undue influence, and the like.

7. SAME—*Extent of Injuries—Question of Fact.* Whether or not fracture of the hip bone produces total permanent disability is a question of fact, which the arbitrator is authorized to determine by the Laws of 1917, chapter 226, section 3, paragraph 3, subdivision "*a.*"

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed February 7, 1920. Reversed.

*I. N. Kuhn,* and *C. B. Skidmore,* both of Columbus, for the appellant.

*Don H. Elleman,* of Columbus, and *G. W. Earnshaw,* of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal was taken from an order setting aside an award of compensation.

The ground on which the award was cancelled was that the arbitrator acted without authority, in that the defendant did not consent to arbitration in writing, it being admitted that no affirmative consent was given, either written or oral. The ruling was based on section 11 of chapter 226 of the Laws of 1917, which provides, among other things, that "the consent to arbitration shall be in writing, and signed by the parties." That provision governs the conduct of the parties when the employer obeys the law and consents to arbitration. In the opinion in the case of *Goodwin v. Packing Co.,* 104 Kan. 747, 180 Pac. 809, it was said:

"It is contemplated that compensation shall be settled by agreement or by arbitration, and without litigation. If there be an agreement, that ends the matter. In default of agreement, the statute requires compensation to be settled by arbitration, and employer and workman are expected to sign a writing expressing such consent, and stipulating respecting matters which they desire to be referred. The language of section 11 is, that if the establishment committee be set aside as arbitrator, 'the matter shall be settled by a single arbitrator,' etc. In the statute which was superseded by the act of 1917, the language was 'the matter may be settled,' etc. (Gen. Stat. 1915, § 5918.) The result is, it is wrongful for either employer or employee to refuse to arbitrate in case of failure to agree on compensation." (p. 749.)

The only qualification of the positive mandate to settle compensation by arbitration is that contained in section 20 of the cited statute, which gives the workman remedy by action. If the employer shall have refused to consent to arbitration, the claim may be determined and enforced by action. However, a workman is not obliged to resort to action because the employer has refused to perform his duty under the statute; that remedy is permissive and cumulative.

In the Goodwin case the question was whether or not omission of the workman to apply for appointment of an arbitrator barred resort to the remedy by action. The opinion carefully limited the discussion to that particular question. It seems, however, that the following paragraph of the opinion has been interpreted to indicate that arbitration may be defeated by the wrongful conduct of the employer in refusing to consent to arbitration:

"The establishment committee having been set aside, and no agreement on an arbitrator having been reached, the workman must perfect the machinery of arbitration by applying for appointment of an arbitrator, or he will be precluded from enforcing compensation by action. If, however, at any stage of the proceedings, the employer definitely refuse to consent to arbitration, the workman who, in default of agreement on compensation, has consented to arbitration, need not go further with arbitration. The statute does not require him to do futile things. He cannot be at fault for not procuring appointment of an arbitrator when such appointment would be useless on account of the declared attitude of the employer." (*Goodwin v. Packing Co.*, 104 Kan. 747, 750, 180 Pac. 809.)

The futility and uselessness spoken of referred, of course, to the needlessness on the workman's part, in order to avoid fault, of striving to utilize provisions of the statute by which the employer has refused to be bound at all.

In the Goodwin case the numerous varieties of conduct which may be displayed by employer and workman in the settlement of compensation were noted. In some regrettable instances the employer, or the insurance carrier who takes charge of his case, plays the part of the dog in the manger. While consent to arbitration is not definitely refused, it is not definitely given, by promptly signing an agreement, as the statute requires, and the matter is kept hanging in the air. After a workman has made fair effort to secure consent expressed in writing,

and the writing is not executed, the employer may be regarded as having refused to consent.    In this instance the court did not find that the employer refused to consent.    Therefore, the condition precedent to action did not exist, and the workman was obliged to pursue the remedy by arbitration.    However this may be, a workman may compel arbitration, whether the employer consent or not.

Some complaint is made that the defendant was not given proper notice of the application for appointment of an arbitrator and of the arbitration proceeding.    The facts need not be stated at length, because the question of notice is no longer material.    The recitative portion of the award discloses that the defendant appeared by attorney before the arbitrator.    The application to review the award discloses that the defendant, by his attorney, presented to the arbitrator an objection to his proceeding with the hearing, on grounds other than want of notice and power to proceed.    The application to review the award is itself based on numerous grounds besides those commonly spoken of as "jurisdictional."

The defendant seems to think the principles and precedents relating to arbitration and award under the general statute governing that subject apply to settlement of compensation by arbitration.    The remedy by arbitration provided for in the workmen's compensation act is special, is complete in itself, and is to be liberally interpreted and flexibly applied, to accomplish its peculiar purpose, whether in harmony with the general arbitration act or not.

The application for review treated the award substantially as if it comprised findings of fact returned by a jury in a civil case, which were before the court for consideration on an ordinary motion for a new trial.    The review provided for, so far as it relates to the arbitration proceedings, is limited in scope to those subjects respecting which the court is authorized to make findings—fraud, undue influence, action without authority, serious misconduct, and grossly excessive or grossly inadequate amount.    The award may also be modified in the light of changed conditions—increase or decrease of incapacity or disability, return to work or employment at the same or higher wages, gaining an income equal to or greater than before accident.    Leaving subsequent facts out of account, the

work of the arbitrator is not reviewable except on the specified grounds.

When the employer applies for review of an award, the burden does not rest on the workman to sustain the award. The employer must establish the facts on which the application is based, according to the rules governing proof of fraud, undue influence, and the like.

The award reads as follows:

"1. That the claimant, Jesse Roper, received a fracture of the hip bone while in the employment of Karl Hammer in Cherokee county, Kansas; that said employment consisted in sinking a shaft for mineral as a laborer.

"2. That said injury is permanent, resulting in the total disability of the claimant.

"3. That said injury is ascertainable by objective examination as to being permanent and total.

"4. That claimant's average weekly earnings for the year preceding said injury were thirty dollars per week.

"5. That claimant was a carpenter and farmer by occupation, with no other occupation or calling.

"6. That claimant has incurred indebtedness for medical care and nursing in the sum of $150, for which he is entitled to recover from the said Karl Hammer.

"7. That the said Karl Hammer has paid the said Jesse Roper, as compensation, since his injury, the sum of $255, for which the said Karl Hammer is entitled to credit.

"8. That the said Jesse Roper is entitled to recover from the said Karl Hammer, in the premises, the sum of six thousand one hundred and thirty-five dollars ($6,135), in a lump sum."

In reviewing the first and second findings, the court said:

"It is claimed that the leg is not only useless, but that it is a greater injury to the plaintiff in its present condition than if it were amputated; that the movement of the body causes the leg to swing about in such a manner as to make it impossible for the plaintiff to do any work. Now I am not deciding as to the extent of the injury, but granting that it is as indicated, and that no other member of the body but the leg was injured, it would seem to me that the recovery would be limited to the amount provided for in subdivision 14 of section 3, chapter 226, of the 1917 Laws."

The nature and extent of the injury were questions of fact for determination by the arbitrator. The statute provides as follows:

"Loss of both eyes, both hands, both arms, both feet, or both legs shall, in the absence of proof to the contrary, constitute total perma-

nent disability.  Substantially total paralysis, or incurable imbecility or insanity, resulting from an injury independent of all other causes, shall constitute total permanent disability.  In all other cases total permanent disability shall be determined in accordance with the facts."  (Laws 1917, ch. 226, § 3, ¶ 3, subdiv. "a.")

The section of the statute cited by the district court applies to disability partial in character but permanent in quality.  Presumably the arbitrator determined the matter in accordance with the facts.  He found the disability to be permanent both in character and quality.  As already indicated, his finding may not be set aside merely because the court might reach a different conclusion, and the section referred to by the court does not apply.

In making the award in a lump sum the arbitrator acted without authority.  (Laws 1917, ch. 226, § 13; *Boyd v. Mining Co.,* 105 Kan. 551, 185 Pac. 9.)

Objections to the award which are not met by the foregoing are not regarded as of sufficient consequence to require special mention.

The judgment of the district court is reversed, and the cause is remanded with direction to modify the award by distributing the lump sum into periodical payments.