No. 22,879.

HENRY SOUTHERN, *Appellee,* v. THE WESTERN STATES PORT-
LAND CEMENT COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

1. PRACTICE—*When Issues of Fact Are Triable.* A judgment will not be
reversed because of the trial having been begun in less than ten days
after the issues were made up, where it is clear that no actual
prejudice resulted.

2. COMPENSATION ACT—*Injured Workman Consents to Arbitration—Re-
fusal of Employer to Consent.* The writing of a letter by a workman
to his employer with regard to a claim under the compensation act,
stating that he wishes to negotiate for a settlement, and that if an
agreement cannot be reached he desires an arbitration and requests
that the matter be taken up with his attorney, amounts to a consent on
his part to arbitration, and a failure of the employer for over two
months to respond to it may be regarded as such a refusal to consent
thereto as to authorize the bringing of an action by the workman
without a request to the judge of the district court to appoint an ar-
bitrator.

3. SAME—*Refusal of Employer to Arbitrate—Workman May Bring Ac-
tion for Compensation.* Where by reason of the employer's refusal to
arbitrate a workman is authorized to bring an action for compensation
and does so, a subsequent offer of the defendant to settle the matter by
arbitration does not impair the right of the plaintiff to maintain the
action.

4. SAME—*Action Under Compensation Act Triable to Jury.* A suit under
the compensation act is tried according to the ordinary procedure and
the statute does not contemplate the substitution of an arbitrator for
the jury.

5. SAME—*When Lump-sum Judgment is Proper.* Where an injured work-
man is authorized to seek compensation by action as distinguished from
arbitration, and does so, the court has jurisdiction to render judgment
for the immediate payment of the full amount to which he is found to
be entitled.

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed January 8, 1921. Affirmed.

*W. N. Banks,* and *O. L. O'Brien,* both of Independence, for
the appellant.

*J. D. Brown,* of Independence, and *Charles D. Welch,* of
Coffeyville, for the appellee.

The opinion of the court was delivered by

MASON, J.: Henry Southern recovered a judgment against the Western States Portland Cement Company under the workmen's compensation act, and the defendant appeals.

1. The action was brought in July, 1919. A demurrer was filed August 1, 1919, which was overruled January 17, 1920. An answer was filed January 26, and on February 4 the trial was begun over an objection by the defendant on the ground that the issues had not been joined ten days before that, as required by the statute. (Gen. Stat. 1915, § 7215.) This ruling is now complained of. It is clear that if the case had been set for trial at a later date the defendant would not have been able to make any better or different showing, and no contention is made that any actual prejudice resulted. To reverse the judgment under such circumstances by reason of the trial having been begun a day earlier than contemplated by the code would be futile and against the express mandate of the statute. (Gen. Stat. 1915, § 7485.) Upon the commencement of the trial the plaintiff was allowed to file a reply consisting of a general denial and the argument of the defendant that the case was not ripe for hearing is also based upon this additional consideration. The reply was probably unnecessary; at all events it made no change in the substantial controversy, and did not materially affect the situation. (*Thompson v. Machine Co.*, 94 Kan. 453, 146 Pac. 1188.)

2. The statute provides that if an employer refuses to consent to an arbitration of a workman's claim for compensation an action may be brought upon it, but only where the workman has consented to an arbitration or applied to the judge of the district court to appoint an arbitrator. (Laws 1917, ch. 226, § 20.) The defendant contends that the present action was not maintainable because the conditions stated had not been met. More than two months before the filing of the petition a letter was sent to the defendant containing a statement on behalf of the plaintiff that he wished to negotiate for a settlement of his claim and that if an agreement could not be reached he desired an arbitration, and requested that the matter be taken up with his attorney, whom he named, and by whom his name was

signed.   To this no response was made.   The letter was a
sufficient consent to arbitrate on the part of the plaintiff.   It
amounted to a fair effort to bring about an arbitration and the
failure of the defendant to respond to it may be regarded as a
refusal to consent thereto.   (*Roper v. Hammer,* 106 Kan. 374,
187 Pac. 858.)   The plaintiff having consented to arbitration
and having been met with a refusal was not required to apply
to the district judge to appoint an arbitrator.   (*Goodwin v.
Packing Co.,* 104 Kan. 747, 750, 180 Pac. 809.)

3.   The defendant in its answer offered to arbitrate and re-
newed the offer at the trial.   The plaintiff's right to sue how-
ever accrued with the refusal of arbitration by the defendant
and after having been acted upon could not be impaired by a
subsequent change of policy on the part of the employer.

4.   The defendant asserts that the court erred in submitting
the case to a jury, the suggestion being that an arbitrator
should have been appointed.   The statute provides that the
judge of the court in which an action might be maintained may
under certain circumstances appoint an arbitrator (Laws 1917,
ch. 226, § 11), but the provision is merely a means for aiding
in the settlement of the controversy by arbitration.   If the
claim is to be settled by a lawsuit the ordinary methods of such
procedure are to be employed—an arbitrator is not to be sub-
stituted for a jury.

5.   A final contention of the defendant is that the court had
no jurisdiction to render a lump-sum judgment.   Where the
matter is settled by arbitration compensation for future loss
can be awarded only in periodical payments, but a different
rule is provided where the controversy is determined by a
court.   (*Boyd v. Mining Co.,* 105 Kan. 551, 553, 185 Pac. 9.)

The judgment is affirmed.