No. 23,510.

THEODORE DUNCAN, a Minor, by His Father and Next Friend, W. H. DUNCAN, *Appellee*, v. THE KANSAS CITY PACKING BOX COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Offer to Arbitrate by Employee—Refusal by Employer—Employee's Right of Action.* The plaintiff, seeking compensation for an injury, sent a letter to his employer that he objected to submitting his claim to any committee and that "unless you do within ten days consent in writing to arbitration as hereinbefore set out" he would take as true such failure as being a refusal to consent to arbitration. The employer, although in the same city, paid no attention to the letter, and after some fifteen days the employee sued. *Held,* that he had a right to maintain an action without applying for the appointment of an arbitrator.

2. SAME—*Finding—Injuries Received in Course of Employment.* The testimony held sufficient to support the findings of the jury that the plaintiff's injury was in the course of and arose out of his employment.

3. SAME—*Amount of Recovery.* Following *Stefan v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861, it is held that the recovery was not limited to sixty per cent of the difference between what the plaintiff was earning and could earn but was properly fixed at the statutory minimum of $6 a week.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. MC-CAMISH, judge. Opinion filed February 11, 1922. Affirmed.

*J. K. Cubbison,* and *William G. Holt,* both of Kansas City, for the appellant.
*J. H. Brady* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff recovered a judgment under the workmen's compensation act and the defendant appeals, assigning as the principal errors that the plaintiff did not comply with the terms of the act by requesting any judge of the district court to appoint an arbitrator; that the judgment is erroneous as to the amount because it was stipulated that men in like employment were earning $17.80 prior to the time of the accident, and the jury found that the plaintiff could earn $12 a week, and he is therefore entitled to judgment at most for sixty per cent of the difference, or $3.48 a week for four hundred fifteen weeks, amounting to $1,444.20, his recovery being $6 a week for four hundred sixteen weeks, or $2,469. But counsel say—

"The main question is, where a workman is employed to do a certain class of work which is not dangerous in a factory, and he voluntarily leaves that work and voluntarily goes to a buzz saw which is in motion and is injured by the saw, is the employer liable for his injury?"

The plaintiff was a young colored man employed as a part of a saw crew, his duty being to handle boards and to get them to another man who was to feed them or press them against the buzz saw for resawing. His hand in some way came in contact with the saw and the injury resulted.

He alleged that on June 24, 1920, he mailed to the defendant company, by registered mail, postage prepaid, an offer to arbitrate as claimed, but that the defendant had failed and refused to accept arbitration although the time therefor had expired. This offer was in the form of a letter notifying the defendant of the accident and that the plaintiff thereby consented to arbitration of his claim under the workmen's compensation law; that he objected to submitting his claim to any committee of the employer's organization for the purpose of settling disputes and—

"You are further notified, that unless you do within ten days consent in writing to arbitration as hereinbefore set out  .  .  .   the said Theodore Duncan will take as true said failure as being a refusal  .  .  .   to consent to arbitration  .  .  .  "

Section 11, chapter 226 of the Laws of 1917, provides that if any committee exists the matter shall, unless either party objects by notice in writing delivered or sent by registered mail to the other party before the committee meets to consider the matter, be settled in accordance with the rules of such committee or by an arbitrator selected by it, and that if either party objects the matter shall be settled by a single arbitrator agreed on by the parties, or appointed by any judge of a court where an action might be maintained upon the written application of either party. The consent shall be in writing and signed by the parties. By the letter sent to the defendant, the plaintiff properly objected to having the matter arbitrated by the committee or one selected by it and offered to arbitrate by some one agreed on by the parties, or appointed by a judge of a court. The time for the defendant to answer was fixed at ten days and no answer was given, so it cannot be said that there was any agreement to arbitrate.

It is argued that when the parties fail to agree an application must be made for the appointment of an arbitrator by the judge, such application being a condition precedent to the right to maintain an action.

The plaintiff's counsel urge that the application to the judge has reference to the selection of an arbitrator when the parties cannot

agree upon the person, but does not apply to the selection of the arbitrator when the employer has refused to arbitrate.

In *Goodwin v. Packing Co.*, 104 Kan. 747, 180 Pac. 809, the plaintiff consented to arbitration but served notice that he would not arbitrate before the committee, and the defendant refused to arbitrate otherwise. It was held that in this situation the plaintiff had a right to maintain the action without applying for the appointment of the arbitrator. In the opinion it was said:

"In default of agreement, the statute requires compensation to be settled by arbitration, and employer and workman are expected to sign a writing expressing such consent." (p. 749.)

"The workman must consent to arbitration, or go without compensation. If the employer consent, arbitration is compulsory upon the workman. If the employer withhold consent to arbitration, the workman must nevertheless have consented, or he, too, is at fault, and is denied remedy by action." (p. 750.)

In *Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858, it was held that—

"If a workman has made fair effort to secure consent of his employer to arbitration, expressed in writing, and the writing is not executed, the employer may be regarded as having refused to consent." (Syl. ¶ 2.)

It was said:

"In some regrettable instances the employer, or the insurance carrier who takes charge of his case, plays the part of the dog in the manger. While consent to arbitration is not definitely refused, it is not definitely given, by promptly signing an agreement, as the statute requires, and the matter is kept hanging in the air. After a workman has made fair effort to secure consent expressed in writing, and the writing is not executed, the employer may be regarded as having refused to consent." (p. 376. See, also, *Stefan v. Elevator Co.*, 106 Kan. 369, 187 Pac. 861.)

In *Southern v. Cement Co.*, 108 Kan. 213, 194 Pac. 637, it was held that the writing of a letter by a workman that he wishes to negotiate for a settlement, and if an agreement cannot be reached he desires an arbitration, and requests that the matter be taken up with the employer's attorney, amounts on his part to a consent to arbitrate, "and a failure of the employer, for over two months to respond to it may be regarded as such a refusal to consent thereto as to authorize the bringing of an action by the workman without a request to the judge of the district court to appoint an arbitrator." (Syl. ¶ 2.) It was also held that if after such delay the plaintiff should bring a suit it cannot be impaired by the employer thereafter offering to arbitrate. Here the parties both re-

sided in Kansas City, Kan., and the letter was mailed the 24th of June and the petition was not filed until the 9th of July, fifteen days thereafter, and no sort of excuse is offered why response was not made.

One manifest object of the workmen's compensation act was to speed the settlement of claims for injuries and avoid the delay as well as the expense of litigation. Ordinary regard for the common courtesies between business men would dictate that such a letter be answered with reasonable promptness, and as no reason appears for the failure so to answer we do not feel called upon to imagine or devise any.

Much space is devoted to the proposition that the workman who needlessly gets in contact with a buzz saw when the duties of his employment do not require it cannot recover for an injury thereby sustained, and it is claimed that this was what the plaintiff did and that his injury did not arise out of his employment. It is sufficient to say that with no more than the usual conflict of testimony the evidence was sufficient to warrant the findings which the jury made that the plaintiff was not instructed to keep away from the saw while in motion, that he did not play with it while in motion, and that his work of carrying lumber to the operator of the saw necessarily brought him in contact therewith.

As to the claimed excess in the amount of the judgment, it may be observed that the jury found the average amount a week which the plaintiff would be able to earn was $12, and that he would be partially incapacitated for four hundred sixteen weeks, or during his lifetime. It was stipulated that the amount a like employee would earn is $17 a week. This matter depends on the construction given to section 4, paragraphs *a* to *c* of chapter 226 of the Laws of 1917, and this troublesome question was settled by *Stefan v. Elevator Co.*, supra, which held that under circumstances similar to those herein involved the minimum of six dollars a week may be recovered.

The judgment is affirmed.