No. 24,295.

EDWARD DAVIS, *Appellee,* v. C. R. HIBBENS, *Appellant.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Judgment in Lump Sum.* In an action under the workmen's compensation law judgment may be rendered in a lump sum where the injured employee requested arbitration, which was not granted, and where the injuries could have been ascertained by observation and by X-ray pictures.

2. SAME—*Answer to Special Questions—Plaintiff's Incapacity—Judgment to Be Rendered.* In an action under the workmen's compensation law where the answers to special questions submitted to the jury disclose the length of total and partial incapacity of the injured employee, the wages he received, and the extent of his partial incapacity, judgment may be rendered on the answers to the special questions for an amount different from that named in the general verdict; and erroneous instructions, if any, which affect the general verdict only will not compel a reversal of the judgment.

3. SAME—*Findings of Jury.* The findings of the jury concerning the extent of the plaintiff's injury were supported by evidence.

4. SAME. The findings of the jury were supported by evidence.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 10, 1923. Affirmed.

*S. H. Piper,* and *W. B. Grant,* both of Independence, for the appellant.

*J. D. Brown,* of Independence, and *Charles D. Welch,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against him in a lump sum under the workmen's compensation law.

The jury returned a verdict in favor of the plaintiff for $4,000.40 and answered special questions as follows:

"1. Do you find that the plaintiff, Davis, was totally incapacitated from work for any length of time on account of his injury? A. Yes.

"2. If you answer the above question, 'yes,' state how long said total incapacity for work continued, or if you find that plaintiff is still totally incapacitated for work, then state when you find said total incapacity for work will cease. A. Two years.

"3. If you find that plaintiff's total incapacity for work has ceased, or will, prior to the expiration of eight years from the date of his injury cease, then state whether or not plaintiff's total incapacity for work has been followed or will be followed by a partial incapacity for work. A. Yes.

"4. If you find that plaintiff has sustained, or will in the future sustain a partial incapacity for work on account of his said injury, then state whether or not said partial incapacity for work will be temporary or permanent, and if you find that said partial incapacity will be only temporary, state when said temporary incapacity for work will cease. A. Permanent.

"5. If you find that the plaintiff has sustained, or will in the future after the expiration of his total incapacity for work sustain a partial incapacity for work on account of his said injury, then please state the extent of said partial incapacity for work. A. ⅔ incapacitated.

"6. What was the average weekly wage of plaintiff at the time of his injury? A. $24.00."

Before the action was commenced, arbitration had twice been requested by the plaintiff, but the defendant did not consent thereto. The plaintiff prayed for judgment for $5,947, with interest thereon, in a lump sum. Judgment was rendered in his favor for $4,400.

1. The defendant contends that it was error to render judgment against him in a lump sum. The conduct of the defendant amounted to a refusal to arbitrate. (*Roper v. Hammer,* 106 Kan. 374, 187 Pac. 858; *Southern v. Cement Co.,* 108 Kan. 213, 194 Pac. 637.) The plaintiff's injuries were in his spinal column and internal. A process on one of the plaintiff's vertebræ had been broken. That fact was discoverable only by an X-ray examination. He had been injured by dirt caving in upon him while he was working in a sewer. At the time, there was an abrasion of the skin on his ankle and one on his right shoulder. He was injured in the groin, but that fact could not be discovered by an

objective examination. The defendant relies on that part of section 20 of chapter 226 of the Laws of 1917 which reads—

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments, as in an award; provided, in no case shall a lump-sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity of such sums as may be due under the provisions of section 4 of this act and such judgment may be reviewed at any time after the expiration of six months upon application of either party and the amount allowed by the court reduced or raised in accordance with the evidence introduced at the time of such review."

In *Southern v. Cement Co.*, 108 Kan. 213, 215, 194 Pac. 637, this court said:

"A final contention of the defendant is that the court had no jurisdiction to render a lump-sum judgment. Where the matter is settled by arbitration compensation for future loss can be awarded only in periodical payments, but a different rule is provided where the controversy is determined by a court. (*Boyd v. Mining Co.*, 105 Kan. 551, 553, 185 Pac. 9.)" (See, also, *Duncan v. Packing Box Co.*, 110 Kan. 494, 204 Pac. 543.)

The injuries to the ankle and shoulder could be discovered by an objective examination, but those probably were not the injuries for which he recovered. The injury to the spine was disclosed by an X-ray examination. That was objective. That was the injury which expert witnesses who had examined the plaintiff testified would be permanent. Under the statute, a lump-sum judgment was properly rendered for that injury.

2. Complaint is made of the instructions to the jury. The defendant contends that the instructions were exclusively a recitation of the circumstances under which the plaintiff would be entitled to recover and that the court did not tell the jury that they must find for the defendant under any circumstances. The court rendered judgment in favor of the plaintiff for $4,400, an amount different from that named in the verdict. The plaintiff, for his period of total incapacity, was entitled to $1,483.20, and for the period of partial disability he was entitled to $2,995.20, a total of $4,478.40. He had been paid $28.80. Judgment should have been rendered in his favor for $4,449.60. Judgment was not rendered on the general verdict but was rendered on the answers to the special questions. The instructions of the court did not control nor influence the answers to the special questions. If there were any

Bollinger v. Railway Co.

erroneous instructions—it is not stated that any were erroneous—they affected only the general verdict. The judgment based on the answers to the special questions should not be reversed because of erroneous instructions which affected the general verdict but did not affect the answers to the special questions.

3. It is urged that the judgment is excessive. This is based on the contention that the evidence did not show that the plaintiff was injured to the extent found by the jury. The court cannot agree with that contention.

4. It is urged that the findings of the jury are contrary to the evidence. With this the court cannot agree. There was evidence to support them. It is not necessary to recite that evidence.

The judgment is affirmed.