No. 26,632.

EDWARD REEDER, *Appellee*, v. F. M. THOMPSON, E. M. ROBERTS, AN-
DREW GESSLEIN, Partners as the T. R. & G. COAL COMPANY, *Ap-
pellants.*

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION — *Objective Examination — Use of X-ray.* A
physical examination of an injured employee, in which the injuries were
ascertained in part from ordinary observation and in part with the aid
of an X-ray instrument, is held to be an objective examination within the
meaning of the workmen's compensation law, and a lump-sum judgment
may be rendered for an injury so ascertained.

2. SAME—*Award—Sufficiency of Evidence.* The evidence examined and held
to be sufficient to support the award made by the trial court.

Appeal from Crawford district court, division No. 1; GEORGE F. BEEZLEY,
judge. Opinion filed April 10, 1926. Affirmed.

*W. E. Ziegler, A. M. Etchen* and *Carl E. Ziegler,* all of Coffeyville, for the
appellants.

*Phil H. Callery, J. E. Callery* and *Caroline A. Lowe,* all of Pittsburg, for
the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by Edward Reeder to re-
cover compensation under the workmen's compensation law. He
was awarded a lump-sum judgment for $4,935, from which defend-
ants appeal.

The plaintiff was a coal miner who acted chiefly as engineer in
the operation of a hoist, and his wages were $8.76 per day. On
March 20, 1923, an explosion occurred in the mine which filled it
with flames and carbon monoxide gas, and in crawling on his hands
and knees to the shaft, which occupied about thirty minutes, his
hands, face, mouth, throat, nostrils and lungs were severely burned.
Compensation was paid to him by the defendants at the rate of $15
per week, up to and including November 26, 1924, when it was
discontinued. The present action was then brought, and arbitra-
tion being declined the case was tried and the award mentioned was
made. Defendants contend that the evidence is insufficient to war-
rant the amount of the award that was made, but their chief com-

Workmen's Compensation Acts, C. J. pp. 102 n. 86, 127 n. 95; 6 A. L.
R. 1270.

plaint is the action of the court in awarding a lump-sum judgment. The objection to such an award is based on that part of the statute which provides that, "In no case shall a lump-sum judgment be rendered for any injury not ascertainable by objective examination, but in such cases the court may order periodical payments during incapacity," etc.   (R. S. 44-534.)

A physician made an examination of the plaintiff when the injuries were suffered and later made an X-ray examination.  He testified that he found the plaintiff suffering from pulmonary burns and carbon monoxide poisoning, that there were burns around the lips, mouth and ears, and one ear was very badly burned.  He testified that plaintiff was unconscious for quite a time and semiconscious thereafter for two or three days.  He further stated that in his examinations with the X-ray he found a marked thickening of the bronchi and a fibrous condition of the lungs; that the lungs were not sufficiently normal to supply oxygen, and there was some slight enlargement of the heart and a muffled sound over the aortic valve. A radiograph taken of the chest of the plaintiff by the physician showed scars on the lungs and showed a marked fibrous condition.

Another physician who had made a study of X-ray pictures examined the plaintiff shortly before the trial and confirmed the testimony of the first physician.  He testified that he found fibrosis or thickened condition of the lungs, that the monoxide poisoning had damaged certain tissues, and his opinion was that the plaintiff was permanently disabled.  A physician was introduced by the defendants, who testified that the lungs appeared to contain the normal amount of air and moved freely, and that he found no disability of plaintiff due to the injury complained of.  He testified that he didn't know what the condition of the plaintiff's lungs would be if he were taking exercise, but sitting there as he was at the trial he appeared to be breathing all right.  It is insisted that the radiographic picture does not constitute an objective examination, and therefore the lump-sum judgment was not warranted.

Objective symptoms are those which the physician by the ordinary use of his senses discovers from a physical examination, while subjective symptoms are those which he learns from the expressions of the patient.  What he discovers through his vision aided by magnifying glasses or an X-ray instrument are objective symptoms.  By the use of the X-ray a view may be had of internal conditions not perceivable by the ordinary or unaided senses.  The sense of sight is

enlarged by its use, and although a recent invention its use is now common, and what it reveals is generally recognized and accepted. (2 Wigmore on Evidence, § 795.) Of course, the instrument should be one that is trustworthy and the operator competent. The question of whether an examination by means of an X-ray instrument could be regarded as objective was considered in *Davis v. Hibbens*, 113 Kan. 121, 213 Pac. 661. There some of the injuries suffered were in the spinal column, and being internal could only be disclosed by an X-ray examination. It was determined that an injury disclosed through the operation of the instrument by which a radiograph picture was obtained and which revealed conditions not observable by the unaided sense of sight, constituted an objective examination within the meaning of the statute, and we see no reason to depart from the ruling. Here the physicians who made the examination were trained and experienced in the use of such instruments and the interpretation of pictures so obtained, and they described in a definite way the conditions discovered in the examination. They found pulmonary burns and scars on the lung tissue and what one said might be called a collapse of part of the lungs, and that this condition affected the heart action. It was also revealed that there was a thickening of the bronchi. Ample evidence was produced to show that the injuries were of a serious character and that the disability was permanent.

We find no material error in the proceeding, and therefore the judgment is affirmed.