No. 27,098.

BEN FRONK, *Appellee*, v. THE AJAX DRILLING COMPANY,
a Copartnership, et al., *Appellants*.

SYLLABUS BY THE COURT.

1. WORKMEN'S COMPENSATION ACT—*Sufficiency of Pleading and Evidence—Request for Arbitration—Lump-sum Verdict*. In an action to recover under the workmen's compensation act, the proceedings considered, and *held*, (*a*) Partnership of the defendants was sufficiently alleged, and proof thereof was not necessary. (*b*) The pleadings and admissions of the defendants on the trial obviated the necessity of proving defendants were operating under the workmen's compensation act. (*c*) The evidence was sufficient to show a request for arbitration. (*d*) It was not necessary that a request to arbitrate be in writing. (*e*) It was not error to render a lump-sum judgment.

2. SAME—*Trial Generally*. Various errors considered and held not to be of substantial merit.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed October 9, 1926. Affirmed.

*P. D. Gardiner* and *O. W. Helsel,* both of Wichita, for the appellants.

*Willard M. Glasco* and *Francis W. Prosser,* both of Wichita, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for compensation. The plaintiff recovered and the defendants appeal.

The plaintiff was a driller and tool dresser employed by the defendants. It was plaintiff's duty to heat drilling tools for sharpening over a forge which was heated with fuel oil and steam. On May 14, 1925, while lighting the forge for heating the drilling tools and while engaged in the regular course of his employment, the oil forge exploded and blew burning oil over the front of his clothing. He jumped into a slush pond near by and extinguished the fire, but was burned severely from his chin to below the waistline. He was immediately conveyed to a hospital at Cedarvale. At the time of the injury he was earning $10 per day. After the injury the defendants paid him $15 per week compensation until June 21 following. Refusal to pay further resulted in this action. Trial was to a jury. Verdict and judgment for plaintiff for $2,496.

The defendants contend that there was no allegation or proof of

Partnership, 30 Cyc. p. 587 n. 93. Pleading, 31 Cyc. pp. 82 n. 12, 96 n. 36. Workmen's Compensation Acts, C. J. pp. 102 n. 90, 110 n. 22; L. R. A. 1916A, 172; 28 R. C. L. 824.

Fronk v. Ajax Drilling Co.

partnership. The petition, which plaintiff claims was verified, stated in the caption, that the Ajax Drilling Company was a partnership composed of J. R. Davis, O. L. Limes and O. C. Shaw. It also alleged "that the defendants and each of them, were operating said drilling business, and were drilling said well."

The statute provides:

"The petition must contain: First, the name of the court and the county in which the action is brought and the names of the parties plaintiff and defendant, followed by the word 'petition.'" (R. S. 60-704.)

We think the allegations of the petition were sufficient. Whether or not the petition is technically good becomes less material after a full trial on the merits in which the subject of controversy has been thoroughly investigated. (*Brooks v. Weik*, 114 Kan. 402, 219 Pac. 528.) The petition having been verified, proof of partnership was not necessary.

The defendants contend that there was no proof that they were operating under the workmen's compensation act. The plaintiff's petition alleged that they were so operating, and the answer contained this language:

"Defendants admit that the defendants have paid to plaintiff compensation in the total sum of $60 covering the period from May 24, 1925, to June 21, 1925, both inclusive. . . . Defendants further state that plaintiff had recovered and his disability under the workmen's compensation act did not extend beyond June 21, 1925."

It appears that on the trial the defendants claimed that the action was one for compensation. In the opening statement to the jury, and at various other times during the trial, statements were made by counsel for defendants to the effect that defendants had made payments to plaintiff under and by virtue of the terms of the compensation law. The defendants objected to and had evidence excluded on the ground that the action was one under the compensation law. This claim was, in effect, an affirmative defense which raised the presumption that they were affected by and were operating under the provisions of the compensation act. (*Gorrell v. Battelle*, 93 Kan. 370, 114 Pac. 244.) The pleadings, statements by the defendants and the attitude assumed by them during the trial obviated the necessity of proving they were operating under the compensation act.

The defendants contend that the evidence fails to show any consent or request to arbitrate or a refusal on the part of the employer to arbitrate. The plaintiff alleged that he had demanded compen-

sation; that he had at all times been ready and willing to arbitrate; that the defendants had refused and failed to settle, adjust or arbitrate compensation in any way and "therefore submitted the matter to the court that the same might be determined." The plaintiff testified that on several occasions he talked with the defendants, or some one of them; told them that the matter should be arbitrated in some way. The defendants also contend that since the offer of plaintiff to arbitrate was not in writing plaintiff cannot recover. In support of their contention they cite *Goodwin v. Packing Co.*, 104 Kan. 747, 180 Pac. 809; *Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858; *Southern v. Cement Co.*, 118 Kan. 213, 194 Pac. 637; *Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190.

The statute provides that, "The consent to arbitration shall be in writing and signed by the parties." (R. S. 44-522.) It does not require the request to arbitrate to be in writing and where, as here, the evidence shows an oral offer to arbitrate and a refusal, or conduct amounting to refusal, the employee may enforce his action in court. (R. S. 44-534.)

In none of the cases cited and relied on by the defendants was it held that the request for arbitration should be in writing. In *Roper v. Hammer*, supra, it was said that, "If a workman has made fair effort to secure consent of his employer to arbitration, expressed in writing, and the writing is not executed, the employer may be regarded as having refused to consent"; that is to say, "the consent (agreement) to arbitration shall be in writing and signed by the parties," and where the employer refuses to execute the consent (agreement) the requirements of the statute have been satisfied.

In the instant case it is clear that the plaintiff demanded compensation, settlement, adjustment or arbitration, or any arrangement whereby his claim could be satisfied. The defendant paid him a few weeks' compensation under the provisions of the compensation law, but refused to act further. We are of opinion the steps taken by plaintiff were sufficient.

The defendant contends that the court erred in rendering a lump-sum judgment. The statute in part provides:

"The judgment in the action, if in favor of the plaintiff, shall be for a lump sum equal to the amount of the payments then due under this act, with interest on the payments overdue, or, in the discretion of the trial judge, for periodical payments as in an award. In no case shall a lump-sum judgment be rendered for any injury not ascertainable by objective examination." (R. S. 44-534.)

In the instant case plaintiff was scarred badly from his chin to his waist. The injury was plainly ascertainable by objective examination. Under the circumstances there was no error in rendering judgment for a lump sum. (See *Gorrell v. Battelle,* supra; also, *Goodwin v. Packing Co.,* supra; *Stefen v. Elevator Co.,* 106 Kan. 369, 187 Pac. 861; *Southern v. Cement Co.,* 108 Kan. 213, 194 Pac. 637; *Duncan v. Packing Box Co.,* 110 Kan. 494, 204 Pac. 543; *Hiatt v. Uhrich,* 111 Kan. 643, 208 Pac. 559; *Davis v. Hibbins,* 113 Kan. 121, 213 Pac. 661; *Smith v. Packing Co.,* 115 Kan. 874, 225 Pac. 110; *Hoops v. Utilities Co.,* 116 Kan. 598, 227 Pac. 332; *Lane v. Sonken-Galamba Corporation,* 119 Kan. 256, 237 Pac. 875.)

Other complaints have been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.