No. 28,695.

Jennie L. Pursley et al., *Appellees*, v. J. H. Liggett, *Appellant*.

(286 Pac. 201.)

Opinion filed April 5, 1930.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson,* all of Wichita, *A. L. L. Hamilton* and *R. C. Woodward,* both of El Dorado, for the appellant.

*C. L. Aikman,* of El Dorado, and *J. A. Conly,* of Wichita, for the appellees.

The opinion of the court was delivered by

Burch, J.: The question presented by this appeal is one arising under the workmen's compensation act before it was revised in 1927, and speaking generally, relates to disposition of a pending arbitration proceeding on death of a dependent widow, who was guardian of her minor children, also dependents.

James D. Pursley, an employee of J. H. Liggett, received an injury, and later died. On March 31, 1927, his widow, Jennie L. Pursley, for herself and as guardian for her children, James and Ruth, made claim for compensation and demand for arbitration, in writing. On April 6 Liggett acknowledged receipt of the claim, and consented to arbitration. On August 18 attorneys for Liggett and for the dependents stipulated in writing that V. Harris should be arbitrator, and should determine all questions of fact relating to the claim for compensation. A hearing was had before the arbitrator, and the matter was finally submitted to him on August 29. Pursuant to statute, the parties stipulated the arbitrator might have until November 1 to file his award. The award was filed on October 29. The award denied compensation on the ground the workman's death did not result from the injury which was the basis of the claim for compensation.

The dependents had two attorneys, one in Wichita and one in El Dorado. From information not obtained from his associate the El Dorado attorney concluded agreement to arbitrate had failed, and on April 30 commenced an action for compensation. The petition alleged Liggett refused to arbitrate. This was not true, and an arbitrator was subsequently chosen who proceeded as stated above. Necessarily, the action predicated on refusal to arbitrate was superseded.

The agreement extending time in which the arbitrator might file his award was signed before October 9, but was not sent in for filing until October 15. On October 9 Mrs. Pursley died. Afterward Lulu Renfro was appointed administratrix of Mrs. Pursley's estate and guardian of the children. In 1928 the proceedings were revived in the name of Lulu Renfro as administratrix and as guardian. Liggett moved for judgment on the Harris award or in the alternative that the arbitration proceedings be referred to him for reconsideration and filing of his award. The court held the whole arbitration failed. Nothing that had been done was binding on Renfro, administratrix and guardian, and E. W. Grant was appointed arbitrator.

When Mrs. Pursley died right of her children to compensation did not cease, and her right to compensation due and unpaid at the time of her death was not extinguished. Using the terms of the civil code merely to make the meaning clear, if these "causes of action"

did not "survive," the whole affair is at an end. Lulu Renfro as administratrix and as guardian does not come into the proceeding as a stranger possessing original independent rights. If she does she has made no claim for compensation in any capacity and the whole affair is at an end.

So far as the children were concerned, all that happened when their mother died was that they had no one to represent them until another guardian was appointed. When a successor to the former guardian was appointed the successor merely came into the proceeding as a substituted representative. So far as the widow was concerned, at her death there was nobody to press or protect her claim until a personal representative was appointed. Her personal representative merely took her place in the arbitration proceeding.

The death of Mrs. Pursley did not cancel her agreement as widow and guardian to arbitrate, her selection of an arbitrator, her appearance at the hearing, or her agreement to extend time for filing the award. She was bound in her two capacities by everything done with respect to arbitration up to the time of her death.

By agreement to arbitrate and election of an arbitrator the employer and the dependents brought into existence a special tribunal which the statute authorized them to create, having jurisdiction to determine the claim for compensation. (*Crawn v. Packing Co.*, 111 Kan. 573, 576, 207 Pac. 793.) The statute providing the remedy of arbitration by agreement is complete in itself, does not affiliate with the general arbitration statute, and is to be liberally construed and flexibly applied. (*Roper v. Hammer*, 106 Kan. 374, 187 Pac. 858.) The statute contains no hint that the incident of death of a party, whether employer or dependent, destroys the tribunal or invalidates steps in the arbitration proceeding completed at the time death occurred.

In this instance the arbitration proceedings were merely suspended until the dependents could be properly represented. Filing the award had no effect except to comply formally with the agreement respecting time of filing. The award itself did not affect interests of the dependents. The administratrix and new guardian merely entered an arbitration proceeding which had proceeded to submission of the cause, and all that remained to be done was for the parties or the court to fix a time within which the arbitrator should file an award. This would be quite clear to the representative of the

dependents if the employer had died and an award filed as this award was filed were satisfactory to the dependents.

The judgment of the district court is reversed, and the cause is remanded with direction to proceed as indicated.