No. 43,365

R. L. PESCHKA (Claimant), *Appellee,* v. WILKINSON DRILLING COMPANY (Respondent) and THE STANDARD INSURANCE COMPANY (Insurance Carrier), *Appellants.*

(386 P. 2d 509)

Opinion filed November 2, 1963.

*Tudor Hampton, Jerry Ward, Herbert Rohleder, Sidney J. Brick, Fred A. Beaty, W. A. Bonwell, Jr.* and *Martin E. Updegraff,* all of Great Bend, were on the brief for the appellants.

*H. Lee Turner, J. Eugene Balloun* and *James L. Berglund,* all of Great Bend, were on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a workmen's compensation case by the respondent and insurance carrier from a judgment entered by the district court approving the examiner's award in favor of the claimant for two compensable weeks, temporary total disability, at the rate of $38 per week, and 38% temporary partial general disability at the rate of $24.26 per week for not to exceed 413 weeks, and for all medical treatment, past, present and future, not to exceed $2,500.

The appellants state the questions presented by this appeal as follows:

"1. Did the Workmen's Compensation director acquire jurisdiction?

"2. Does a Workmen's Compensation examiner have authority to set a unilateral cut-off date beyond which one party and only one party may not present evidence?

"3. Must there be substantial evidence to support an award of compensation?

"*a*) May that substantial evidence be opinion evidence dependent upon an assumption of erroneous fact allegations?"

On June 7, 1961, claimant met with personal injury by accident arising out of and in the course of his employment with respondent. While working for the respondent as a "chain-man" on a rotary drilling, rig, a tong hit him in the face and threw him over the draw works and knocked him unconscious. Claimant was briefly hospitalized at Lyons, and a few days later saw Dr. Replogle and Dr. Polson in Great Bend. The foregoing hospitalization and medical treatment were afforded by the respondent and insurance carrier until June 13, 1961, when claimant was released by the attending physician. On Friday, June 9, 1961, an application for hearing was executed, and on June 12, 1961, Dr. John B. Jarrott, an orthopedist of Hutchinson, received a request for an appointment for examination of claimant.

The claimant had told Dr. Replogle, a general practitioner, and Dr. Polson, an ophthalmologist, about back discomfort, and on July 28, 1961, claimant gave a history to Dr. Jarrott of complaint with his back prior to the accident, but not enough to prevent him from working. The history related that claimant began noticing additional back difficulty about ten days after the accident when he attempted to return to work. The claimant testified the soreness in his back intensified for about three days and then he began to get pain down the left leg; that he had to quit work after a week of this activity. Since that time he testified that he worked intermittently approximately a week at a time.

On September 20, 1961, claimant amended his application for hearing to include a back involvement. No notice had been given to respondent or insurance carrier prior to that date of any claim for a back injury.

Dr. Jarrott testified on November 7, 1961, that in his opinion the claimant had a 35 to 40% temporary partial disability, and was in need of medical treatment. He also testified that if the claimant went back to steady oil field work his disability would be greater, but if at the time of examination the claimant was able to carry out "true manual labor in the oil field" his disability would be less. Dr. Jarrott indicated that from either standpoint, his findings were such that the claimant needed medical treatment. He recommended conservative treatment, including hospitalization and a back support.

Claimant actually returned to work on June 19, 1961, for Gabbert Jones Drilling Company, where he worked through June 28. The respondent and insurance carrier introduced evidence showing

claimant worked at various times for different drilling companies until October 30, 1961.

The first question presented by the appellants challenges the jurisdiction of the workmen's compensation director. On this point the appellants contend the workmen's compensation act provides for mandatory arbitration (citing G. S. 1949, 44-522) if compensation due is not settled by agreement (citing G. S. 1949, 44-521).

On this point the appellants argue that an application for hearing was filed asserting an obligation for "Lacerations to entire face, injuries to eye—extent unknown," two days after the accident, and the case was docketed; that more than three months after the accident claimant amended the claim to include back injury, no notice or knowledge of which had been previously given to respondent or insurance carrier.

The appellants argue:

"The trial court should have ruled that an arbiter (the Director) may not assume jurisdiction except by agreement of the parties or, under a compulsory arbitration statute, without consent when, with knowledge, actual or constructive, of the nature of claim made, the objecting party fails or refuses to perform the obligation claimed. The trial court should have ruled that the Director must divest himself of jurisdiction upon discovery of such lack of knowledge or such lack of opportunity to perform voluntarily, ·and upon request of the party. The trial court should have ruled that the Director could not reacquire jurisdiction until and unless an arbitratable dispute arose."

The appellants urge this court to enter a finding that G. S. 1949, 44-521 and 44-534, presuppose that a reasonable opportunity be afforded parties to settle compensation by agreement, and that any proceeding before the director is invalid if docketed within ten days after the date of accident, or at any time that the director has knowledge that a party is proceeding involuntarily upon a claim that he has not had reasonable opportunity to investigate and settle by agreement.

The present statute (G. S. 1949, 44-534) was enacted in 1927. Under the old act cases were seemingly in conflict as to whether arbitration was mandatory. (See, *Goodwin v. Packing Co.,* 104 Kan. 747, 180 Pac. 809; *Fronk v. Ajax Drilling Co.,* 121 Kan. 708, 249 Pac. 680; and *Palmer v. Fincke,* 122 Kan. 825, 253 Pac. 583, holding that a workman must consent to arbitration before he is afforded a remedy by action; and *Ackerson v. Zinc Co.,* 96 Kan. 781, 153 Pac. 530; and *Halverhout v. Milling Co.,* 97 Kan. 484, 155 Pac. 916, holding that an attempt or failure ·by the claimant to settle

by agreement or arbitration is not a condition precedent to maintaining an action.) Compulsory arbitration was held to violate the due process clause of the constitution in *Wolff Co. v. Industrial Court*, 262 U. S. 522, 67 L. Ed. 1103, 43 S. Ct. 630, 27 A. L. R. 1280. For distinctions see 55 A. L. R. 2d 420.

In 1931 the Supreme Court in *Honn v. Elliott*, 132 Kan. 454, 295 Pac. 719, held that under our present compensation law an offer to arbitrate by the workman was not a condition precedent to the maintenance of a proceeding before the workmen's compensation commissioner. The court said:

"Appellants contend that the proceedings cannot be maintained because there is no showing that plaintiff offered to arbitrate. The old statute (R. S. 44-534) provided that no action could be maintained unless the workman shall have consented to an arbitration. The new statute (R. S. Supp. 1930, 44-532) [44-534] does not contain that provision. While the parties may settle, or may agree to arbitrate, it is no longer a condition precedent to maintaining a proceeding for compensation before the compensation commissioner that the workman has consented to arbitration." (p. 456.)

The foregoing construction of the act is controlling here.

Apparently it is the appellants' contention that as long as they were still "investigating" the claim there was no issue for the workmen's compensation director to decide.

The instant an employee covered by the workmen's compensation act is injured issues arise as to whether the workman sustained personal injury arising out of and in the course of his employment, the nature and extent of his disability, and the amount of compensation due, if any.

Apparently the appellants contend they were prejudiced because they were not aware of the exact nature and extent of the disability claimed by the workman prior to the hearing. The application for hearing alleged "Lacerations to entire face, injuries to eye—extent unknown." At the time of the hearing the application for hearing was amended to include back injury.

It has often been indicated by this court that any writing sufficient to apprise the employer that a workman is making a claim for compensation is sufficient. In *Weaver v. Shanklin Walnut Co.*, 131 Kan. 771, 293 Pac. 950, it was held that an informal letter was a sufficient claim. A more recent case is *Fitzwater v. Boeing Airplane Co.*, 181 Kan. 158, 309 P. 2d 681, in which the court said in Syllabus ¶ 6:

"A written claim for compensation prescribed by G. S. 1949, 44-520a, need not take on any particular form so long as it is in fact a claim. In determining whether or not a written instrument is in fact a claim the court will examine the writing itself and all the surrounding facts and circumstances, and after considering all these things, place a reasonable interpretation upon them to determine what the parties had in mind."

Essentially, the same contention was made by counsel in *Place v. Falcon Seaboard Drilling Co.*, 186 Kan. 523, 350 P. 2d 788, wherein it was argued that the claim for compensation indicated a back injury diagnosed as spondylolisthesis, and the evidence at the hearing indicated a traumatic condition caused by strain to his low back. There again it was noted by the court that the written claim for compensation need not take any particular form so long as it is in fact a claim.

On the basis of the foregoing authorities the appellants' claim on this point lacks merit. It lacks merit for the further reason that the appellants made no objection to the amendment at the time of the hearing, and acknowledged receipt of written claim.

Does the workmen's compensation examiner have authority to set a terminal date for the presentation of evidence?

The appellants have specified as error the fact that the district court approved an award entered "prior to the time both parties rested." The appellants argue the examiner allowed claimant unlimited time to present his case, but restricted respondent and insurance carrier to 37 days. The appellants argue that the time limitation should be imposed by agreement at the time of the first hearing, or in default of agreement, by the examiner, and that such time limitation "afford each party equal opportunity to present evidence and be heard."

By express mandate the commissioner in a workmen's compensation proceeding is not bound by technical rules of procedure, but shall give the parties reasonable opportunity to be heard and to present evidence, and shall act reasonably without partiality, and shall make and file its findings or award in the office of the commissioner within 30 days after the hearing, giving notice of such award and finding to the parties by mail, unless the parties agree in writing to extend the time for filing findings or award. (G. S. 1949, 44-523.) By the act the commissioner is directed to hear and determine the matters presented, and to make findings or an award such as he shall determine fair and equitable under the provisions of the act. (G. S. 1949, 44-522.) The workmen's compensation

act establishes a procedure of its own which provides a remedy that is substantial, complete and exclusive in compensation cases. (*Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456; and *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 347 P. 2d 235.)

A mere recital of the facts in view of the foregoing legislative mandate will disclose the frivolous nature of the foregoing contention.

A hearing of this case was held on September 20, 1961, and claimant presented medical testimony by deposition on November 7, 1961. The respondent and insurance carrier presented testimony by deposition on November 22, 1961. They at no time requested medical examination of the claimant and took no further action concerning disposition of the case. Claimant's evidence had been completed, and after several months, claimant requested that respondent and insurance carrier complete their case. Thereafter, on January 4, 1962, respondent and insurance carrier were notified by the the workmen's compensation examiner that they would be allowed an additional 37 days in which to complete their evidence. The respondent and insurance carrier did not object to a setting of a terminal date for the presentation of evidence. They simply wrote a letter asking that Dr. Jarrott's testimony be stricken. Actually, the respondent and insurance carrier had approximately eight months between the date of the accident (June 7, 1961) and the terminal date (February 10, 1962) in which to investigate the accident and procure medical evidence. They had almost five months between the date of the first hearing (September 20, 1961) and the terminal date to present their evidence. They did not object to the terminal date, and made no further attempt to present evidence. Under the circumstances the appellants are in no position to complain. Surely appellants could not be allowed to deny compensation to a workman simply by refusing to "rest" their case.

Is there substantial evidence to support the award of compensation?

The appellants have recognized that the award of the workmen's compensation commissioner and district court will not be disturbed on appeal if it is supported by substantial evidence. (*Phillips v. Skelly Oil Co.*, 189 Kan. 491, 370 P. 2d 65; and *Place v. Falcon Seaboard Drilling Co.*, supra.)

The appellants' complaint centers around the finding of two

weeks' temporary total disability, and 38% temporary partial disability. Dr. Jarrott indicated the workman had a 35 to 40% temporary partial disability. The appellants, however, attack the doctor's opinion ascribing such disability to an aggravation of a back condition. They say the real question is whether there is substantial evidence upon which such a finding of fact can be based. They ask: Is opinion evidence stronger than the assumption of fact upon which the opinion is based? They argue Dr. Jarrott's opinion concerning aggravation as well as causal connection is based upon a false history that claimant had discomfort in the back prior to the date of the accident, but never enough difficulty that he could not work. They attack various statements made by the claimant to Dr. Jarrott concerning work after the accident. They contend the undisputed testimony in the case was that claimant returned to work in the oil fields on June 19, 1961, and worked steadily in the oil fields thereafter including both dates when the false history was being given.

The appellants call attention to the fact that the award of temporary total disability was for the period from June 14 through June 28, 1961, and point out the undisputed evidence was that claimant was working for Gabbert Jones Drilling Company from June 19, 1961, through June 28, 1961.

The only medical evidence introduced was the deposition of Dr. Jarrott and the reports of Dr. Grimes and Dr. Replogle. Dr. Grimes gave only emergency treatment, and Dr. Replogle only treated the claimant's facial injuries.

The appellants assume because the claimant attempted to work after the accident he is not entitled to compensation. Claimant had been employed as a "chain-man" on a rotary drilling rig prior to the accident. This was strenuous manual labor. There is no evidence in the record to indicate he was able to perform the duties of a chain-man after the accident, nor is there any evidence to indicate that he was able to earn as much following the accident as he was before. There is evidence he was not able to perform work after the accident which he was able to do before. There is evidence that after the accident the claimant worked for five different drilling contractors for short periods of time, thus giving rise to a permissible inference he was unable to hold employment with any single contractor for any length of time.

There was definite medical evidence that he had a general body

disability which required medical treatment, including hospitalization. While Dr. Jarrott testified that if the claimant was able to carry out "true manual labor in the oil field," his temporary partial disability would be lower, he also testified that if the claimant went back to trying to do steady oil field work he probably would have a greater disability. There was no evidence that claimant had performed "true manual labor in the oil field" since the date of the accident. There was no evidence as to what type of work he had done, how long he was able to perform the work, whether it involved lifting, or what effect it had on his back, except for the testimony of the workman.

In *Smith v. Jones*, 185 Kan. 505, 345 P. 2d 640, the respondent and insurance carrier argued that since the claimant had returned to similar work on other jobs at a rate of pay equal to that he was receiving at the time of the accident, he was not entitled to workmen's compensation benefits. This argument was rejected, holding that the claimant was still entitled to workmen's compensation benefits although he had returned to work and was drawing full pay. The court recognized in *Taber v. Tole Landscape Co.*, 188 Kan. 312, 362 P. 2d 17, that a partial general body disability is a definite loss to the injured workman and is a deterrent to his obtaining and retaining work in the open labor market.

Another case is *Hallett v. McDowell & Sons*, 186 Kan. 813, 352 P. 2d 946.

The appellants complain that Dr. Jarrott's testimony was based partially upon a history obtained from the claimant, and state that an expert must base his opinion upon personal knowledge or hypothetical questions based only on such facts as the evidence tends to prove, citing *Temple v. Continental Oil Co.*, 182 Kan. 213, 320 P. 2d 1039; and *Cain v. Steely*, 173 Kan. 866, 252 P. 2d 909.

The foregoing rule has been applied in district court proceedings, but we have been cited to no authorities in which the court has prohibited a doctor from testifying concerning an injury as related to him by the claimant in a workmen's compensation case. Here the doctor's examination verified claimant's statement that he had back injury.

The attack made by the appellants upon the history given by the claimant to Dr. Jarrott is based upon the contention such history was false. They argue that the statement claimant had discomfort in his back prior to the date of the accident, which was not

disabling, is false, but there is no evidence to the contrary. They contend that claimant's statement he had back difficulty about ten days after the accident when he attempted to return to work, and that the soreness in the back intensified for about three days is false, but there is no evidence to the contrary. They contend the history of having worked for his father policing the area around the truck zone, driving a truck, and roughnecking at two-or three-day intervals was false, but again there was virtually no evidence to the contrary. Apparently claimant's father was the driller or foreman for Hellar Drilling Company, thus accounting for claimant's statement that he was working for his father.

Appellants apparently contend that because claimant did not complain of his back immediately after the accident, the back injury is not related to the accident. They introduced no medical evidence to this effect, and the only medical evidence, the testimony of Dr. Jarrott, was that the back condition was related to the accident.

The only apparent discrepancy in the evidence and the award stems from the allowance of temporary total disability for the period June 14 through June 28, 1961. Obviously, if a workman is temporarily totally disabled, he is unable to perform work of any kind. The undisputed evidence was that claimant worked from June 19 through June 28 for Garrett Jones Drilling Company.

After a careful study of all of the facts and circumstances disclosed by the evidence in the record, we are unable to say this discrepancy is fatal to the award. Apparently it was the finding of the commissioner and the district court that claimant suffered an actual temporary total disability for a period of two weeks between the time of the accident and the hearing. The record discloses such temporary total disability did not follow immediately after the accident. Therefore, the period of June 14 through June 28, 1961, is construed as a two-week period for which the claimant was temporarily totally disabled following the accident, and the actual dates recited to cover such period are not held to be controlling.

For the reasons heretofore stated, the judgment of the lower court is affirmed.