No. 39,040

GARTH D. SCHOOLER, *Appellee*, v. LULA M. SCHOOLER, *Appellant*.

(263 P. 2d 233)

Opinion filed November 7, 1953.

E. P. *Villepigue*, of Wichita, argued the cause, and I. H. *Stearns* and *Leo R. Wetta*, of Wichita, and *Joseph A. Fuller*, of Fredonia, were with him on the briefs for appellant.

T. D. *Hampson*, of Fredonia, argued the cause and filed a brief for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was a divorce action. After a hearing the trial court granted a divorce to the plaintiff husband and entered a decree settling the property rights of the parties. Defendant has appealed.

In this court no complaint is made of the fact that the divorce was granted to the plaintiff, nor concerning the evidence pertaining thereto. Neither is there any complaint of the decree of the court respecting the property rights of the parties. All of the questions

presented to this court by the appellant pertain to procedural matters. These will be more specifically stated and discussed.

The pertinent portions of the record may be summarized as follows: The parties were married May 22, 1946; each of them had been married previously and their respective spouses were deceased, and each of them had adult children by the former marriage. Following their marriage they lived in Wichita for three or four years where plaintiff was employed and about November 20, 1950, moved to a farm owned by the plaintiff near Altoona in Wilson county, where they made their home. Defendant has a son, C. H. Mills, by her former marriage who is married and has a family. On September 2, 1952, this son was at the home of the parties to this action where there appears to have been quite an argument and the son told the plaintiff that he was going to take his mother home with him. Plaintiff was advised that the son was living in a trailer house and working for an oil drilling company in or near Great Bend in Barton County, Kansas. The son arranged for a furniture mover to come to the home of the parties and take part of the furniture and other belongings from the place. Defendant advised the plaintiff that she was going with her son to where he was living in Barton county and she did leave with her son. The next day, September 3, 1952, plaintiff filed this action for divorce in the district court of Wilson county and caused a summons to be issued for defendant. The praecipe for the summons informed the sheriff that defendant had recently moved to Great Bend with her son, C. H. Mills, presently reported to be living in a trailer house and to be employed by an oil drilling contractor on a rotary rig. This information was embodied in the summons which was issued and which was sent to the sheriff of Barton county for service. The summons was also endorsed "action for divorce and property settlement." The summons was returnable September 13, 1952. On that day the sheriff returned the summons with a notation "Lula M. Schooler not found in my county." Plaintiff caused an alias summons to be issued to the same officer which was returned with a similar notation. On September 16, 1952, plaintiff filed an affidavit for publication service. This recited the fact that the action had been brought for divorce and settlement of property rights, that plaintiff thought defendant was in the vicinity of Great Bend, Kansas; that he had undertaken to get personal service of summons upon her in the manner provided by law which the sheriff had returned unable to serve; that plaintiff did not know where defendant was; that he had

made diligent inquiry as to the whereabouts of the defendant and had been unable to learn the place of residence and/or the whereabouts of the defendant; that if in fact defendant is in or about Great Bend she has concealed herself so that service of process may not be had upon her, and that plaintiff is unable to procure actual service of summons upon the defendant within the state of Kansas and therefore desires to obtain service upon her by publication. Upon this affidavit there was a publication notice to the defendant of this action which fixed the answer day of defendant on or before November 3, 1952, or judgment would be rendered against her divorcing plaintiff from her and for property settlement. On September 22, 1952, counsel for plaintiff sent the notice of publication and a copy of the petition by registered mail addressed to Mrs. Lula M. Schooler, c/o Conrad H. Mills, general delivery, Great Bend, Kansas.

In the meantime on September 11, 1952, defendant, through her attorney, presented to the judge of the district court of Wilson county her verified petition for divorce against the plaintiff in this action together with an application for a restraining order. The attorney advised the court that he expected to file the petition and the application for the restraining order with the clerk of the district court promptly and asked the court to sign the restraining order. The judge of the court did so. The attorney for defendant in this action did take the papers to the clerk of the district court to be filed. The clerk told the attorney that the plaintiff in this action had already filed a suit for divorce so the petition and the restraining order of the defendant in this action were not filed. In the petition which had been prepared to be filed by the defendant here as plaintiff she alleged that she was and had been for more than one year a resident of Wilson county and gave her post-office address as R. R. No. 2, Altoona, in that county and alleged she was temporarily residing at Great Bend in Barton County, Kansas.

On September 16, 1952, the wife filed in the district court of Sedgwick county an action against her husband for separate maintenance in which she alleged that she was a resident of Sedgwick county, Kansas, and gave her post-office address as Wichita, Kansas. On the filing of the petition her attorney asked and obtained from the court a restraining order and also an order for the defendant in that action to pay a stated sum per month as temporary alimony, and a stated sum for her attorney fees. Personal service of summons in the Sedgwick county case was served in the usual place of

residence of the defendant named in that action which was his farm near Altoona on September 18, 1952, at which time the defendant was visiting his daughter in New York.

In this case counsel for defendant took cognizance of the publication notice for service and on November 2, 1952, appeared specially and filed a motion to quash the service by publication for the reason "That this action is an action for divorce and the defendant is and was at all times mentioned in said petition a resident of the state of Kansas, and constructive service is not authorized by the statutes of the state of Kansas." This motion came on for hearing before the court on November 13, 1952. At this time the parties appeared by their respective counsel, produced evidence, and argued the motion.

A witness called by plaintiff testified she was acquainted with defendant and received a letter from her dated September 16, 1952, a portion of which was offered and received in evidence. It reads:

"He sued me for divorce next day and trying to have the divorce like he did before so he wont have to pay me anything Boy he is a gyp to put on such a good front I'll say & now if I have anything I have got to fight for it. I'll not tell you all I am having to do now but will some time so dont mention and let me know if he has gone to Stanleys. this is all cut & dried from his atty. his atty. hasn't found me yet & I hope to find him first, so He will at least have partilly support me I have been trying to beat him to the draw just like he has been doing me for 6 years."

The court took the matter under advisement. On November 20, 1952, the court overruled the motion to quash for the specific reason "that the court is satisfied from the evidence and the statement of counsel that the defendant, Lula M. Schooler, departed from her residence in Wilson County, Kansas, with intent to evade service of summons and did conceal herself with a like intent to avoid service of summons upon her in this action." No request was made by defendant's counsel for further time to plead and the court made no order giving defendant further time to plead.

On November 29, 1952, counsel for defendant notified plaintiff that the case would be called for hearing at 10:00 o'clock A. M. on December 4, 1952, in the court room at Fredonia for judgment in granting divorce and settlement of alimony rights or as soon thereafter as the same may be heard.

On December 3, 1952, without getting leave of court to do so, defendant filed an answer which admitted the marriage of the par-

ties as alleged in the petition and that no children had been born to them and generally denied other allegations of the petition. The prayer was that plaintiff take nothing by his action.

When the case was called for trial on December 4, 1952, counsel for defendant appeared and stated he was not making a general appearance. He called the court's attention to the fact that the issues in the case were not joined until the day before, referred the court to G. S. 1949, 60-2932, and argued it was not proper to hear the case at this time. The court asked "you are not appearing in this case?" Counsel stated, "I am just calling the court's attention to 60-2932." Defendant's counsel advised the court there was another action pending between the parties in Sedgwick county which had been set for trial the next day, December 5, 1952. There was further argument in which defendant's counsel objected to a trial at that time. The purpose of his argument was to delay the trial of this case until after the trial of the case in Sedgwick county. In short, he argued for a continuance. At the close of the argument the court stated "Let the record show that after the court's attention had been challenged to section 60-2932 by Mr. Fuller, attorney for the defendant, and the court gave due consideration to said section it was ordered that the matter proceed." The case proceeded to trial with the result previously stated.

In this court counsel for appellant state questions which should be considered and which would justify reversal as follows: (1) Motion to quash service should have been sustained. (2) Trial court prematurely proceeded to trial of issues of fact over objections of defendant and in violation of relative statute. (3) Trial court did not have jurisdiction of parties and subject matter of action.

With respect to the first question counsel for appellant argue that since the defendant was at all times pertinent a resident of the state attempted service by publication was not authorized. We think the point is not well taken.

Our statute G. S. 1949, 60-2525 pertains to cases in which service may be made by publication. The pertinent portions of it read:

"Service may be made by publication in either of the following cases."

(Second paragraph) "In actions to obtain a divorce or alimony or annulment of the contract of marriage where the defendant resides out of the state."

(Fifth paragraph) "In all actions where the defendant, being a resident of this state, has departed therefrom, or from the county of his residence, with the intent to delay or defraud his creditors or to avoid the service of a summons, or keeps himself concealed therein with the like intent; . . ."

Counsel for appellant contend that paragraph second above quoted states the *only* situation in which service may be made by publication in a divorce case, and that the fifth paragraph, above quoted, refers *only* to classes of cases mentioned in the statute other than divorce cases. We think this interpretation incorrect. The language is "In all actions. . . ." Certainly this does not exclude actions for divorce. We see no reason why it should. There is ample evidence in this case to support the trial court's holding that the defendant was concealing herself to avoid the service of summons.

On the second point presented for our consideration counsel for appellant cites that portion of G. S. 1949, 60-2932 which reads:

"Actions shall be triable on the issues of fact in ten days after the issues are made up."

From this it is argued that a case may not be tried on the issues of fact within a time less than ten days after the issues are made up. It must be remembered that defendant's answer in this case was filed out of time and without leave of court.

In *Runyan v. Bangs,* 167 Kan. 691, 208 P. 2d 200, it was held a judgment will not be reversed because the trial was commenced in less than ten days after the issues were made up where it was clear no actual prejudice resulted. And in *Southern v. Cement Co.,* 108 Kan. 213, 194 Pac. 637, it was held a judgment will not be reversed because of the trial having been begun in less than ten days after the issues were made up where it is clear that no actual prejudice resulted. We previously called attention to the fact that no complaint is made here of any portion of the decree of the court which granted a divorce to plaintiff and settled her property rights. There is no contention that a different decree would or should have been entered had the trial of the case been delayed to as much as ten days after defendant's answer was filed in this case. There is, therefore, no showing of any prejudicial result. It is clear also that the delay sought by counsel for defendant on the day of the trial was primarily for the purpose of attempting to get a hearing in the action brought in Sedgwick county prior to the hearing of the divorce case.

It is clear also that the Sedgwick county action was improvidently brought. If we assume that there may be cases in which an action for divorce may be pending in one county and an action for separate maintenance be pending in another, a question not presented for

our decision, there is no reason for it here. Counsel for plaintiff knew as early as September 11, 1952, that there was an action for divorce pending in Wilson county.

The third point argued is the contention of counsel for appellant that the trial court in this case did not have jurisdiction of the parties and the subject matter of the action. This contention lacks merit. The parties actually resided in Wilson county. The district court of Wilson county had jurisdiction of the action. See article 2, section 18 of our constitution and G. S. 1949, 60-1501.

We find no error in the record. The judgment of the trial court is affirmed.